JAMES FITZGIBBONS'S (dependent's) CASE.

Worcester.   May 13, 1918. — June 24, 1918.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act. Proximate Cause. Evidence,* Presumptions and burden of proof.

In a claim under the workmen's compensation act, where the Industrial Accident Board has found, on evidence warranting such a finding, that the employee, who already had heart disease and colitis, sustained an injury arising out of and in the course of his employment that aggravated and accelerated the diseases from which he was suffering so that he died six days after the injury, an award of compensation to his dependent widow is justified.

In a claim under the workmen's compensation act a finding of fact, made by the Industrial Accident Board on evidence warranting such a finding in the exercise of their right to disbelieve any part of the evidence which in their opinion was not entitled to credit, is not open to review by this court on an appeal from a decree affirming the decision of the board.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to Bridget Fitzgibbons as the dependent widow of James Fitzgibbons, who died on September 27, 1916, when in the employ of the Worcester Gas Light Company, his death being alleged to have been the result of an injury received by him on September 21, 1916, arising out of and in the course of his employment.

The case was heard by *Thayer,* J. The evidence reported by the

Industrial Accident Board is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board, ordering the insurer to pay to the claimant a weekly compensation of $10 for a period of four hundred weeks from September 21, 1916. The insurer appealed.

The case was submitted on briefs.

*A. H. Bullock & J. M. Thayer*, for the insurer.

*C. F. Campbell & J. C. Donnelly*, for the dependent widow.

LORING, J. The Industrial Accident Board in this case found "that the employee, James Fitzgibbons, received a personal injury by reason of a strain due to the lifting of iron pipe, weighing from two hundred and fifty to two hundred and seventy-five pounds each, on September 21, 1916; that this strain was a material contributing cause of his death six days later from heart disease and colitis, which was pre-existing at the time of and was aggravated and accelerated by the injury of September 21." If the deceased received the personal injury in question it was a personal injury arising out of and in the course of his employment. No question was made on that score.

There was a conflict in the evidence as to the facts covered by the finding which we have just stated. The insurer has contended that the burden was upon the claimant to make out her case by a fair preponderance of the evidence and that taking all the evidence together the preponderance of it was against the claimant and not in her favor and therefore that the finding was as matter of law unwarranted. The contention is wholly without foundation. It ought not to be necessary to point out that the board was at liberty to refuse to give credit to any part of the evidence which in their opinion was not entitled to credit. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314, and the numerous cases following that decision. The question and the only question before us is whether there was any evidence which warranted the finding made by the board. See, for example, *Fisher's Case*, 220 Mass. 581; *Brightman's Case*, 220 Mass. 17. We are of opinion that there was. In effect the insurer is asking us to review the finding of fact made by the board. That we have no authority to do. *Diaz's Case*, 217 Mass. 36. *King's Case*, 220 Mass. 290.

*Decree affirmed.*