### EDSON KNIGHT'S (dependent's) CASE.

. Berkshire. September 10, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act. Proximate Cause.*

In a claim under the workmen's compensation act, a finding of the Industrial Accident Board, that the death of an employee of a coal dealer from the bursting of his aortic artery was not caused by a fall on the ice when he was delivering coal more than three months before, is a finding of fact, and where, as in the present case, there was evidence warranting the finding, it is not subject to revision by this court.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board making the finding which is quoted in

the opinion and dismissing the claim of Ida Knight as the dependent widow of Edson Knight.

The case was heard by *Lawton,* J., who made a decree that the claim for compensation be dismissed. The dependent widow appealed.

The case was submitted on briefs.

*S. G. Tenney,* for the dependent widow.

*H. A. Moran,* for the insurer.

DE COURCY, J. The deceased, Edson Knight, was a laborer in the employ of H. P. Cole, a coal dealer in Williamstown. While at work on April 20, 1917, he was taken ill, was removed to his home and died the same day. An autopsy disclosed aneurism, or localized dilatation, of the large blood vessel leading from the heart (the aortic artery), and a rupture of the same, which resulted in his death. The dependent's case was based upon the contention that the aneurism was caused or aggravated by an injury which Knight sustained on January 15, 1917, while he was delivering coal at the house of a customer of his said employer. The finding of the Industrial Accident Board was as follows: "The evidence shows and the board find and decide that the claimant has failed to sustain the burden of proving that decedent's demise had any causal connection with a personal injury which arose out of and in the course of his employment; that it is unlikely that the condition of aneurism of the aorta which caused the employee's death was due to or materially aggravated by the fall on the ice of January 15."

It is forcibly argued by the claimant that on the reported evidence she has established a causal connection between the accident of January 15 and the death of Knight, more than three months later. That issue is one of fact, and is to be determined by the Industrial Accident Board. See St. 1911, c. 751, Part III, § 16, as amended by St. 1912, c. 571, § 15. Their decision is not subject to revision by this court. As in the analogous case of the verdict of a jury or the finding by a judge in an action at law, their finding is conclusive if it has a substantial support in the evidence. *Pigeon's Case,* 216 Mass. 51. *Uzzio's Case,* 228 Mass. 331.

There was evidence from which it could be found that the artery was in a somewhat soft condition, and with spots indicating

degeneration, and that the aneurism was due to disease of the tissues rather than to the accident. The certificate of the medical examiner reported as a contributory cause of death "softening or degeneration of walls of artery." A physician who was present at the autopsy testified that it was impossible to state whether there was a causal connection between the accident and the death. It further appeared that after the accident in January, which happened on Saturday, Knight worked on the following Monday, Tuesday and Wednesday, and that he did his regular work from February 16 until the day of his death, April 20. On this evidence we cannot say as matter of law that the finding of the board was unwarranted. Accordingly the decree of the Superior Court dismissing the claim for compensation must be affirmed, and it is

<em>So ordered.</em>