## DUNCAN PASS'S CASE.

Essex.    March 22, 1919. — March 31, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Findings of Industrial Accident Board.

In proceedings under the workmen's compensation act, findings of fact made by the Industrial Accident Board have the same effect as a verdict of a jury in an action at law or a finding of a trial judge who has heard a case without a jury, and such findings must stand if there is any evidence to support them.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board dismissing a claim of Duncan Pass, who was alleged to have received an injury to his left eye as the result of his work when in the employ of the General Electric Company at Lynn.

The case was heard by *Quinn*, J. The findings of the Industrial Accident Board warranted by the evidence are stated in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the employee appealed.

The case was submitted on briefs.

*A. B. Tolman,* for the employee.

*J. W. Cronin & F. A. Carroll,* for the insurer.

BY THE COURT. This case comes before us by appeal from a decree affirming an adverse decision by the Industrial Accident Board, which adopted and confirmed the finding of the single member. The finding was (1) that the statutory notice required by the act had not been given, (2) that it had not been shown that either the association, the subscribers or their agent had notice of the injury, (3) that the claim for compensation had not been filed as required by the act, (4) that the failure to file the claim was not due to mistake or other reasonable cause, and (5) that the employee had failed to prove that he received a personal injury which arose out of and in the course of his employment. Any one of these findings is fatal to the employee's contentions.

These all were questions of fact. No law is involved. It has been held from the very first under the workmen's compensation act that the findings of fact of the Industrial Accident Board stand if there is any evidence to support them. *Pigeon's Case,* 216 Mass. 51.

It is as futile for parties to appeal from a decision of the board on questions of fact as it would be to except to an adverse verdict of a jury or an unfavorable finding by a judge.

It is enough to say that the board was at liberty to refuse to give credit to any part of the evidence not in their opinion entitled to credit. The case is within the authority of numerous recent decisions. *Fitzgibbons's Case,* 230 Mass. 473. *Moran's Case,* 230 Mass. 500. *Knight's Case,* 231 Mass. 142. *McCarthy's Case,* 231 Mass. 259. *Berman's Case, ante,* 453.

*Decree affirmed.*