## PETER BOLDEN'S CASE.

Hampden.    November 10, 1919. — March 29, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL,
& JENNEY, JJ.

*Workmen's Compensation Act*, To what injuries act applies, Procedure.

A subscriber under the workmen's compensation act furnished for the use of his
    workmen a fountain commonly known as a "bubble fountain." An employee,
    who had been made ill by the coldness of the water in the fountain, sought,
    without the knowledge of his employer, to fill an empty bottle, which was his
    property, from the fountain, intending to let the water stand in the bottle to
    lessen its chill. "The water did not go in very well so he pressed hard on it
    and very suddenly the bottle burst" and he was injured. In a proceeding under
    the workmen's compensation act, it was *held*, that the injury received by the
    employee did not arise out of and in the course of his employment.
In the proceeding under the workmen's compensation act above described, the
    Industrial Accident Board's entire decision was, "revising the findings and
    decision of" a single board member, that they did "find and decide" that the
    employee's injury did not arise out of and in the course of his employment. On
    appeal to the Superior Court, a decree was entered "upon all the evidence that"
    the employee's injury did not so arise. This court, on appeal, *held* that, if the
    action of the Industrial Accident Board be regarded as a finding of fact, it was
    final, being supported by the evidence; and that, if it be treated as a ruling of
    law, it was right.

APPEAL to the Superior Court under the workmen's compen-
sation act from a decision of the Industrial Accident Board as
follows: "The Industrial Accident Board, revising the findings
and decision of the board member [which awarded compensation
to the employee], find and decide that the personal injury received
by the employee . . . did not arise out of and in the course of
his employment."

The appeal was heard by *King*, J. Material facts are described
in the opinion. By order of the judge a decree was entered "upon
all the evidence that the personal injury received by the em-
ployee on October 26, 1917, did not arise out of and in the course
of his employment." The employee appealed.

The case was submitted on briefs at the sitting of the court in
November, 1919, and afterwards was submitted on briefs to all
the Justices.

*A. R. Simpson,* for the employee.

*H. A. Moran,* for the insurer.

Rugg, C. J. Bolden was employed by a subscriber under the workmen's compensation act. The subscriber provided for the use of its employees that which is termed in each brief a "bubble fountain." There was no drinking glass at the fountain. "It is the kind that one squeezes and the water comes out." It is apparent that it was designed to be used by drinking from it directly. Bolden testified that he had been made ill on an earlier occasion by drinking cold water from the fountain. There was also a faucet at a sink where he had at times drunk water. It did not appear that this was intended for drinking water and he had ceased because informed that it was river water and unfit for drinking. Therefore he endeavored to fill an empty bottle from the fountain, intending to let it stand and thereby to lessen the chill of the water. "The water did not go in very well so he pressed hard on it and very suddenly the bottle burst." As a result he received injuries for which compensation is sought.

The Industrial Accident Board decided that the injury did not arise out of the employment but was occasioned by the employee's use of the bottle in trying to draw water from the fountain, that the risk of such an injury was not incidental to his employment but on the contrary "was due to an added peril, imported into the employment by the claimant, and having no connection with his contract of employment."

If this be regarded as a finding of fact, it is final. Manifestly it is supported by evidence. Nothing is better settled under the workmen's compensation act than that such a finding must stand and cannot be reviewed on appeal. *Sponatski's Case,* 220 Mass. 526, 530. *Pass's Case,* 232 Mass. 515, and cases there collected.

If the decision of the Industrial Accident Board be treated as a ruling of law, it was right in the opinion of a majority of the court. In order that compensation may be awarded under the workmen's compensation act, it must appear that there is "a causal connection between the conditions under which the work is required to be performed and the resulting injury." *McNicol's Case,* 215 Mass. 497, 499. The injury must be seen "to have had its origin in a hazard connected with the employment and

to have flowed from that source as a rational consequence." *Reithel's Case*, 222 Mass. 163, 165. "The rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment and not by some other agency, or there can be no recovery." *Madden's Case*, 222 Mass. 487, 495.

It is provided by St. 1915, c. 117, that "All industrial establishments within this Commonwealth shall provide fresh and pure drinking water to which their employees shall have access during working hours." It is manifest that the fountain was provided by the subscriber pursuant to the duty imposed by the statute. Apparently its design was to avoid the danger to health thought, in accordance with the present general view, to be incident to the common drinking cup. See Sts. 1910, c. 428; 1911, c. 491. At all events this means adopted by the subscriber for providing drinking water for its employees could not be pronounced unreasonable. The fountain being a proper instrumentality and having a plain and unmistakable method for use, there was clear notice to employees as to the way in which they should avail themselves of it.

The drinking of water, as necessity required, was within the scope of the employment. The use of the bottle by the employee with reference to the fountain in the manner shown was no part of the subscriber's business. The subscriber fulfilled his statutory duty by furnishing a well recognized sanitary method of affording drinking water to its employees. The bottle belonged to the employee and its use was not sanctioned or even known by the subscriber. The employee was acting outside the scope of his employment when he interjected that foreign instrumentality into his method of use of the fountain. His injury was not due to the fountain or the water, but to the bottle, a thing which had no connection whatever with the subscriber or the course of the employment. The appliance provided by the subscriber was diverted from its natural function to a purpose not disclosed to nor approved by the subscriber, and for which it was not designed. The employee used it in a way not contemplated by the subscriber and in a manner for which it was not intended. The conduct of the employee was quite outside the course of his employment.

The case at bar, so far as concerns authority, is fully covered

by *Borin's Case*, 227 Mass. 452. See *Rochford's Case*, 234 Mass. 93. It is distinguishable from *Osterbrink's Case*, 229 Mass. 407, where the conduct of the employee was in no sense a misuse or perversion of instrumentalities provided by the subscriber and was found to have had in effect the approval of the subscriber. The principle illustrated by *Nickerson's Case*, 218 Mass. 158, has no relation to the facts here disclosed.

*Decree affirmed.*