## ROSARIO DI GIOVANNI'S CASE.

Essex.　March 5, 1926. — March 9, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* Finding by Industrial Accident Board, Decree by Superior Court.

If the Industrial Accident Board, in review of a decision by a single member of the board upon a pure question of fact where the report by the single member contained all the material evidence, makes a finding warranted by the evidence which reverses the decision by the single member and dismisses the claim, such finding by the board is final.

Upon certification to the Superior Court of a record of a decision by the Industrial Accident Board of the character above described, that court has no authority to reverse the finding by the board and to adopt that of the single member in preference to that of the board; its only function is to determine as matter of law what kind of decree ought to be entered upon the decision made by the board.

A decree of the Superior Court, upon certification of a decision by the Industrial Accident Board, which merely orders findings and the decision by the Industrial Accident Board "reversed" and "those of the single member . . . affirmed," is bad in form. Following *Johnson's Case,* 242 Mass. 489, 493.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board reversing on review a decree by a single member of the board and finding that the claimant had not sustained the burden of proving that a condition which incapacitated him for work was due to a personal injury arising out of or in the course of his employment by American Woolen Company or was aggravated by such an injury; and dismissing the claim.

In the Superior Court the case was heard by *Lourie,* J., by whose order a decree was entered "that the employee . . . was incapacitated from work by reason of personal injury arising out of and in the course of his employment . . . ; that the findings and decision of the Industrial Accident Board on review are reversed, and those of the single member of the Industrial Accident Board are hereby affirmed." The insurer appealed.

*G. Gleason,* for the insurer.

No argument nor brief for the claimant.

RUGG, C.J.    The board member found that the employee received a personal injury arising out of and in the course of his employment by an employer under the workmen's compensation act.    The Industrial Accident Board on review (the report of the board member containing all the material evidence) reversed the board member and found that the employee had not sustained the burden of proving that he had suffered such injury.    The Superior Court reversed the decision of the board and affirmed that of the board member.

Whether such injury was received was on this record a pure question of fact.    There was ample evidence, which need not be recited, to support the finding of the board.    The finding of the board is final in these circumstances.    It supersedes the finding of the board member.    The Superior Court has no authority to review the finding of the board and adopt that of the single member in preference to that of the board. Its only function is to determine as matter of law what kind of a decree ought to be entered upon the decision made by the board.    *McNicol's Case,* 215 Mass. 497, 502.    *Pigeon's Case,* 216 Mass. 51, 52.    *Fitzgibbon's Case,* 230 Mass. 473, 474.    *Pass's Case,* 232 Mass. 515.    *Chisholm's Case,* 238 Mass. 412, 419.

The decree was wrong in form as well as in substance. *Johnson's Case,* 242 Mass. 489, 493.    *Cowden's Case,* 225 Mass. 66, 68.

*Decree reversed.*

*Decree to be entered in favor of the insurer.*