JOHN J. HERLIHY's (dependent's) CASE.

Essex. April 2, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Proximate cause. *Evidence*, Presumptions and burden of proof.

An employee of one insured under the provisions of the workmen's compensation act died by reason of "cardiac failure" which caused him to fall from a loaded cart he was driving from a gravel pit. A blow

received as he fell did not cause the death. He had suffered from coronary sclerosis for at least a year before his death. Work which he had done in the gravel pit just before his death was not of an unusual character, having in mind the work which he had been doing for the subscriber over a period of thirty years of employment. The widow claimed compensation on the ground "that the employee met his death because of the exertion accompanying his work on the morning of" his death. The claim was dismissed. *Held*, that

(1) To maintain her claim, the claimant was required to prove by a preponderance of evidence that the preëxisting coronary disease of the employee was accelerated on the day of his death to the point of disablement by an unusual strain and exertion in the performance of his work which was later aggravated by the fall;

(2) A finding was warranted that there was no causal connection between the work of the employee and his death: that his death was not the result of a personal injury arising out of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board dismissing a claim by the widow of John J. Herlihy who lost his life while in the employ of Cashman Brothers.

In the Superior Court, the case was heard by *Keating*, J. Material facts are stated in the opinion. A final decree was entered dismissing the claim. The claimant appealed.

*R. E. Burke & E. E. Crawshaw*, for the claimant, submitted a brief.

*G. Gleason*, for the insurer.

PIERCE, J. This is an appeal by the claimant from a decree of the Superior Court affirming a decision by the Industrial Accident Board. G. L. c. 152.

The employee died on October 4, 1927, aged fifty-four years. On that day he drove a two-horse dump cart with big rear wheels and small front wheels, while he was engaged in hauling sand from a sand pit, fifteen minutes distant from the stable. He left the stable usually at about seven o'clock, but on the morning in question he left about eight because of rain. He was expected to make three loads, two in the morning up to one o'clock, and he and two other drivers said to each other that "they would have to work quicker to get the three loads out at twelve o'clock." At the pit the employee backed his cart into a hole where he could get good sand, and began to shovel. He had to throw the

sand up from the hole about three feet into the cart; the hole was about two and one half feet deep so he had to throw the sand five and one half feet in all. The sand was damp and the employee removed his coat and vest while shovelling. He took about thirty to forty minutes to fill his cart with sand. He did not stop and rest until he got a full load into his cart. After filling his cart he asked a fellow employee if he was "pretty near loaded"; he said he was going along and his fellow employee would overtake him. He pulled out his pipe and tobacco, climbed up on the seat of the cart, and drove away. He was "very naturally red in the face and very sweaty." He put on his vest as he passed his coworker and did not appear to that employee "to have exerted himself any more than usual in the loading of his team except sweating."

He was next seen by the side of the road on High Street, distant "about five hundred yards from the gravel pit or less." The horses were moving, the head of the employee was down "between the front axle," and one foot was caught underneath the side of the seat and the spring. He was lying across the axle but no part of his body was touching the ground. He had a deep gash over his left eye. He died about a half mile from where he was taken from his cart and put into a truck. "No external injury played a part in his death except the cut over his eye might have knocked him out for the time being. It would not cause death." "His death was due to cardiac failure." The heart disease, coronary sclerosis, had existed for some time, not less than a year before October 4, 1927.

The claimant first filed a claim for compensation on December 29, 1927, in which it is set forth that on October 4, 1927, the employee, John J. Herlihy, met his death as the result of accidentally falling or being thrown from a two-horse cart which he was driving and riding upon at the time. At the hearing before the single member on Friday, July 6, 1928, the claim was supplemented or amended so that "the claim . . . is that the employee met his death because of the exertion accompanying his work on the morning of October 4, 1927." The burden of proof was on the claimant. *Savage's*

*Case,* 222 Mass. 205. In the circumstances of this case she was required to prove by a preponderance of evidence that the preëxisting coronary disease of the employee on the day of his death was accelerated to the point of disablement, by an unusual strain and exertion in the performance of his work, which was later aggravated by the fall. *Madden's Case,* 222 Mass. 487.

The findings of the single member, affirmed by the Industrial Accident Board, in substance that the work which was done by the employee on the morning of his death was not of an unusual character, having in mind the work which he had been doing for the subscriber over a period of thirty years of employment; that it may have been heavier than it was on some other days; that laboring work is rarely exactly the same all the time; and that he was doing ordinary work calling for the normal amount of effort which went with the job which he was doing and had been doing for many years, related only to pure questions of material facts; they cannot be said as matter of law to have been unwarranted. *Knight's Case,* 231 Mass. 142, 144. *Cosgrove's Case,* 257 Mass. 343. *Johnson's Case,* 258 Mass. 489, 493. There is no evidence in fact that the employee's ordinary work aggravated the heart condition, that it developed or hastened the coronary sclerosis; and no evidence in fact that the fall from the wagon seat had any effect upon the cardiac condition. Mere conjecture or surmise is not proof. *Falco's Case,* 260 Mass. 74, 77. *Green's Case,* 266 Mass. 355, 357. On the reported facts the Industrial Accident Board was warranted in finding no causal connection between the work of the employee and his death, and, as it so found, it was required to find that the death of the employee was not the result of a personal injury arising out of his employment. *Burns's Case,* 266 Mass. 516.

*Decree affirmed.*