### ANTONIO LOPES'S (dependent's) CASE.

Hampden. November 4, 1931. — December 28, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Rehearing of claim, Serious and wilful misconduct. *Evidence*, Relevancy. *Superior Court*.

At the hearing of a claim under the workmen's compensation act for double compensation due to alleged serious and wilful misconduct of the employer, where it appeared that the employer was a contractor excavating a trench for a sewer for a town, there was no error in excluding a by-law of the town "relative to the construction, alteration, maintenance and use of buildings in the town," such by-law not being applicable to sewer construction.

At the hearing of the claim above described, the Industrial Accident Board affirmed and adopted a finding by a single member that the employer was guilty of gross negligence, but not of serious and wilful misconduct within the meaning of the workmen's compensation act; and in the Superior Court a decree was entered denying the claim, from which the claimant appealed. *Held*, that

(1) The question on appeal was not, whether there was evidence of serious and wilful misconduct, but was, whether the finding that such misconduct was not established was wholly unwarranted;

(2) Upon examination of the record, no error of law was disclosed in the finding that the injury was not due to the serious or wilful misconduct of the employer.

The certified record in the case above described disclosed that the claimant had made a motion, before the Industrial Accident Board, supported by affidavits, for a rehearing on the ground of newly discovered evidence and that the board had denied the motion. Before the Superior Court, the claimant renewed the motion. The judge endorsed on the motion a statement that he did "not find that the denial of the motion by the reviewing board was an abuse of its discretion"; that he ruled "that the matter set . . . [up] in the motion did not require its allowance as a matter of law"; and that he further ruled "that, in the absence of abuse of discretion or matter requiring the allowance of the motion as a matter of law . . . [he had] no authority to order the matter recommitted to the Industrial Accident Board for further hearing on the facts." This court, upon an examination of the evidence introduced at the hearing, the findings made and offers of proof contained in the affidavits, *held*, that

(1) The Industrial Accident Board was acting within its rights in denying the motion for rehearing, and the trial judge was warranted in reaching the conclusion that no abuse of discretion appeared in

the denial of the motion by that board, and in reaching the further conclusion that the matter set up in the motion did not require its allowance as matter of law;

(2) It was unnecessary to pass upon the correctness of the ruling of the judge, indorsed on the motion for a rehearing, that in the circumstances he had "no authority to order the matter recommitted to the Industrial Accident Board for further hearing on the facts."

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of decisions by the Industrial Accident Board affirming and adopting findings by a single member described in the opinion and denying a claim by a dependent of Antonio Lopes for double compensation under the act by reason of alleged serious and wilful misconduct of his employers, who did business under the firm name and style, C. Squatriglia & Sons; and also denying a motion for a rehearing of the claim on the ground of newly discovered evidence.

In the Superior Court, the case was heard by *Whiting*, J. Material facts shown by the record, and rulings by the judge are described in the opinion. Decrees were entered denying the motion that the case be remanded for further hearing, and denying the claim. The claimant appealed.

The case was submitted on briefs.

*J. F. Egan*, for the claimant.

*K. S. Baker*, for the employer.

*H. A. Moran*, for the insurer.

SANDERSON, J. The claimant has appealed from an interlocutory decree denying a motion supported by affidavits to remand the case for further hearing before the Industrial Accident Board, and from a final decree denying her petition for double compensation under G. L. c. 152, § 28, because of the alleged serious and wilful misconduct of the employer causing the death of the employee. The claimant also excepted to the exclusion of the building by-laws of the town of Ludlow which contained a provision for the protection of excavations. At the hearing it was agreed that, without prejudice to the rights of the parties on the question of double compensation, a specified sum would be paid each week.

The single member found that for three weeks prior to the

date of the accident the deceased worked for the assured, as a laborer, digging mostly in trenches where pipe was being laid for the town of Ludlow; that the assured in doing the excavating for these trenches used a gasoline shovel; that there was no evidence that the assured at any time failed to carry out such instructions as the engineer on the job might have given to him; that the contract contained the provision "whenever the nature of the ground requires it, the Contractor, at his own expenses, shall furnish and set in place sheeting, timbering and bracing sufficient to maintain openings of proper width in which to build the structures required, and of sufficient strength to safely sustain the banks thereof"; that the assured in the exercise of his judgment failed safely to brace and shore the trench as required by this section of the contract; that where the gasoline trench digger was being used the bracing was insufficient; that the contractor was at least negligent in not carrying out the provisions of his contract. The single member stated that he was not convinced that the testimony of a witness, that just previous to the accident he said to the deceased, "This man you are working for has no planks around the trench," and that Lopes replied, "that the boss told them to go home if they were afraid," was accurate. He found that at the time of the accident the deceased was digging in the trench with a fellow-worker named Andre near a place dug out for a manhole; that about ten minutes after Andre started to dig the trench caved in, covering the deceased completely, causing his death by asphyxiation and covering Andre up to his shoulders. Andre testified that shortly before the accident the man in charge told Lopes to come out of the manhole and watch the dirt so that it would not catch Andre; that instead of going out Lopes came over and stood near the witness with his pick in his hand; that Lopes said there was no harm in the dirt falling down, that he was not afraid. The single member, having defined the meaning of serious and wilful misconduct as stated in *Randolph's Case*, 247 Mass. 245, found that the assured was guilty of gross negligence, but not of serious and wilful misconduct within the meaning of the act.

The motion for a rehearing based upon evidence alleged to be newly discovered and supported by affidavits was first presented to the Industrial Accident Board and denied. The evidence thus offered for the most part tended to substantiate the testimony of one witness who had been heard by the single member and to discredit another. A similar motion based upon the same affidavits was made in the Superior Court, and in connection with the entry of the decree the trial judge indorsed on the motion: "It appears from the record that the matters herein relied upon were submitted to the reviewing board with a request for a rehearing on the issues of fact therein raised; and that the reviewing board after hearing denied the motion. I do not find that the denial of the motion by the reviewing board was an abuse of its discretion. I rule that the matter set . . . [up] in the motion did not require its allowance as a matter of law. I further rule that, in the absence of abuse of discretion or matter requiring the allowance of the motion as a matter of law, I have no authority to order the matter recommitted to the Industrial Accident Board for further hearing on the facts." The substance of these findings and rulings was incorporated in the interlocutory decree denying the motion.

1. No error appears in the ruling excluding the building by-law. By its terms it purported to be "A by-law relative to the construction, alteration, maintenance and use of buildings in the town of Ludlow." It was not applicable to sewer construction.

2. The question for decision on the merits is not whether there was evidence of serious and wilful misconduct but whether the finding that such misconduct was not established was wholly unwarranted. *Burns's Case,* 218 Mass. 8. *Pass's Case,* 232 Mass. 515. In the *Burns* case the court said at page 10: "Serious and wilful misconduct is much more than mere negligence, or even than gross or culpable negligence. It involves conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences." Upon the testimony no error of law is disclosed by the finding that

the injury was not due to the serious or wilful misconduct of the employer.

In *Gordon* v. *Industrial Accident Commission*, 199 Cal. 420, where the facts were in some respects similar to those in the case at bar, there was a finding of fact that the employee's death was caused by the serious and wilful misconduct of the managing representative of the employer.

3. The only objection to the interlocutory decree, denying the motion that the cause be remanded to the Industrial Accident Board for further hearing, now argued is to the statement therein that in the absence of abuse of discretion or matter requiring the allowance of the motion as matter of law the court has no authority to order the case recommitted to the Industrial Accident Board on the facts. By G. L. c. 152, § 10, the reviewing board is given authority to hear evidence, to revise the decision of the single member in whole or in part or to refer the matter back to the member for further finding. When the record of the Industrial Accident Board is presented to the Superior Court the statute provides that the court is to "render a decree in accordance therewith." G. L. c. 152, § 11. The decree must be that required as matter of law by the facts set forth in the decision of the board unless the decision is unsupported by evidence or tainted by error of law. *McNicol's Case*, 215 Mass. 497, 502. *Herrick's Case*, 217 Mass. 111, 112. *Pass's Case*, 232 Mass. 515. *Emma's Case*, 242 Mass. 408, 414. *Johnson's Case*, 242 Mass. 489. *DiGiovanni's Case*, 255 Mass. 241. *Perangelo's Case*, ante, 59. *Opinion of the Justices*, 251 Mass. 569, 615, 616. The provision of G. L. c. 152, § 10, that "No party shall as of right be entitled to a second hearing upon questions of fact," "means that the introduction of new evidence is a matter of discretion ordinarily. Commonly there should not be a rehearing." *Doherty's Case*, 222 Mass. 98, 101. *Devine's Case*, 236 Mass. 588, 595.

When this court or the Superior Court has been of opinion that there should be a rehearing, it has ordered the case remanded to the Industrial Accident Board for that purpose. *Nelson's Case*, 217 Mass. 467. *Brown's Case*, 228

Mass. 31, 38. *Sciola's Case*, 236 Mass. 407, 414. *Chisholm's Case*, 238 Mass. 412, 418. In other cases the order has been that the case be recommitted to the board to give a party an opportunity to move there for a hearing and for the introduction of further evidence. In *Doherty's Case*, 222 Mass. 98, where an order of the kind last mentioned was made, the court said at page 102: "If such motion is granted and upon further hearing new facts are shown upon this point, the case should be considered anew upon all the evidence introduced by all parties. Otherwise, a finding must be made against the employee." The weight of evidence and credibility of witnesses were said in *Fierro's Case*, 223 Mass. 378, 381, to be for the reviewing board. When the Industrial Accident Board and a judge of the Superior Court have decided that there ought not to be a rehearing, the only question before this court ordinarily is whether the record shows an abuse of discretion. *Devine's Case*, 236 Mass. 588, 595. When the motion to recommit is made in the first instance in the Superior Court, its allowance is within the discretion of the trial judge, and the exercise of that discretion ordinarily will not be reviewed by this court. *Bean's Case*, 227 Mass. 558, 561.

The Superior Court has been said to have jurisdiction over a case where the report has been transmitted to it "in the same way and to the same extent that it has for example in a suit in equity where the facts have been found by a master." *Emma's Case*, 242 Mass. 408, 414. In *Johnson's Case*, 242 Mass. 489, 495–496, the court said that the Superior Court has power to order a rehearing before the Industrial Accident Board on the ground of newly discovered evidence "when in accordance with sound practice and settled principles concerning a new trial at common law that course ought to be pursued."

New trials will not be granted on the ground of newly discovered evidence except upon proof of "important evidence of such a nature as to be likely to have a material effect upon the result, which could not reasonably have been discovered before the trial by the exercise of proper diligence and respecting the production of which on motion there has been

an entire want of laches. A new trial ordinarily will not be granted upon the discovery of evidence which is cumulative and in most such cases will and ought to be denied." *Berggren* v. *Mutual Life Ins. Co. of New York*, 231 Mass. 173, 177. A judge who hears witnesses at the trial may find that affidavits offered in support of a motion for new trial are not reliable or that the matter contained therein would not affect the grounds of his decision. Such a conclusion would be within his judicial discretion. *Commonwealth* v. *Devereaux*, 257 Mass. 391, 395. *Hanson* v. *Hanson*, 258 Mass. 45, 46. *Waverley Lumber Co.* v. *Piantedosi*, 262 Mass. 377, 382. *Cerrato* v. *Miller*, 264 Mass. 533, 534.

In the case at bar the board in denying the motion for rehearing made no ruling of law to be reviewed. That board is the final arbiter of questions of fact, and when it has already considered a matter in reaching a decision on a question of fact it ought not to be ordered to consider the same matter again. *Sciola's Case*, 236 Mass. 407, 414. Inasmuch as the Industrial Accident Board had considered the same affidavits as were presented to the judge of the Superior Court, and denied the motion for a rehearing, it must be assumed that having considered the evidence and findings in the case it did not put credence in the affidavits, or that the testimony if introduced would not affect the conclusion previously reached or that for some other reason the motion for rehearing should be denied. When the motion for rehearing of a case on the ground of newly discovered evidence has been passed upon by the Industrial Accident Board and a similar motion based upon the same evidence is later presented to a judge of the Superior Court, the considerations which he should have in mind in passing on the motion are not the same as they would be if no previous action had been taken by the board. The situation is then in some respects like that which would be presented on a motion to recommit a master's report to hear evidence which had been excluded by the master but which he had heard in the form of an offer of proof and concerning which he had found that if the evidence had been introduced the result reached in his report would be the same. Upon an examination of the

evidence introduced at the hearing, the findings made and offers of proof contained in the affidavits, we are of opinion that the Industrial Accident Board was acting within its rights in denying the motion for rehearing, that the trial judge was warranted in reaching the conclusion that no abuse of discretion appeared in the denial of the motion by that board, and in reaching the further conclusion that the matter set up in the motion did not require its allowance as matter of law. By the decision of the judge of the Superior Court and the further hearing in this court the action of the board has been subjected to a judicial review, and upon the conclusions reached in that review no sound reason appears for recommitting the case for further hearing, independently of the ruling that under the circumstances the trial judge had no authority to recommit the case to the board for further hearing of facts, and we find it unnecessary to pass upon the validity of that ruling. The conclusion here reached does not in any way purport to change the powers or authority of the board as an administrative body. *Levangie's Case*, 228 Mass. 213.

The interlocutory decree is to be modified by striking out the words, "It is further ordered, adjudged and decreed that in the absence of abuse of discretion or matter requiring the allowance of the motion as a matter of law, the court has no authority to order the matter recommitted to the Industrial Accident Board for further hearing on the facts," and as so modified is affirmed.

The final decree is affirmed.

*So ordered.*