# NICHOLAS KOROBCHUK'S CASE.

Berkshire.    September 20, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Report, Decree, Contempt proceedings.
*Contempt.*

It *was assumed*, without so deciding, that a judge of the Superior Court
may report to this court a matter arising under the workmen's com-
pensation act.

A decree of the Superior Court, entered on findings of partial incapacity
made by the Industrial Accident Board, while a final decree for the
purpose of an appeal and as to the amounts therein fixed as actually
due as partial compensation on a stated date, is nevertheless revisable
as to the amount of payments to be made after that date if on facts
later found by the board such revision becomes necessary to make
the decree accord with changed conditions.

A final decree entered on April 1, 1932, in workmen's compensation
proceedings after rescript from this court which had affirmed a decree
of the Superior Court based on a decision of the Industrial Accident
Board stating a certain sum due to the employee to October 25, 1930,
and the basis of computation thereof, stated that such partial com-
pensation so computed was due to the employee "to and including
October 25, 1930, and continuing thereafter subject to all the pro-
visions of the workmen's compensation act," and, adding interest,
adjudged a certain sum to be then due. Such sum the insurer paid.
Thereafter the employee sought to have the insurer adjudged in
contempt and offered to show that nine days before the entry of the
decree after rescript the insurer and the employee had made a written
agreement which was approved by the department of industrial acci-
dents to the effect that there was due the employee as partial com-
pensation from October 25, 1930, to the date of the agreement the
sum of $400 "with right to further compensation open as to the
future, in accordance with decree of Superior Court"; that the
sum of $400 had been paid by the insurer; that there had been no
further hearing or request for a hearing before the Industrial Accident
Board and the above agreement had not been modified; that, al-
though the employee had requested further payments, none had been
made, and that the employee had been unable to earn any wages at
all since March 23, 1932, except the sum of $15 in an employment
which he was unable to pursue because of his disabled condition.
The evidence was excluded and the petition was dismissed. *Held*,
that

    (1) The words "continuing thereafter subject to all the provisions

of the workmen's compensation act" were not in terms a present order of payment and did not express an obligation of the insurer, the amount of which in dollars and cents the Superior Court itself could estimate, and therefore did not afford a basis for the employee's petition for contempt;

(2) The evidence properly was excluded;

(3) The petition properly was dismissed.

PETITION, filed in the Superior Court on May 16, 1932.

The petition was as follows in substance:

"And now comes Nicholas Korobchuk, the employee in the above entitled case and states that on April 1, 1932, the Superior Court entered a 'Final Decree After Rescript' in the above entitled . . . case; . . . that included within the terms of said decree was an adjudication that Nicholas Korobchuk, your petitioner, has partial incapacity for work resulting from personal injury at Pittsfield, Massachusetts, on October 15, 1929, arising out of and in the course of his employment by the General Electric Company, for which partial compensation is due on the basis of two thirds of the difference between $37.56, his average weekly wages before his injury, and the average weekly wages he has been able to earn subsequent to April 9, 1930, up to and including October 25, 1930, and continuing thereafter subject to all the provisions of the workmen's compensation act; that said decree further adjudged that a certain amount was due the petitioner to October 25, 1930, together with interest to May 25, 1931, and counsel fees which amount your petitioner agrees, has been duly paid by the insurer;

"Your petitioner further sets forth that by his written agreement with the insurer dated March 23, 1932, and on information and belief, duly filed with and approved by the department of industrial accidents, it was agreed 'that from October 25, 1930 to date (that is to March 23, 1932) there is due the employee partial compensation in the sum of $400 with right to further compensation open as to the future, in accordance with decree of Superior Court'; that said sum of $400 has been paid the petitioner by the insurer; that there has been no further hearing or request

for hearing before the Industrial Accident Board, and said agreement stands unmodified.

"Your petitioner further sets forth that no further payments have been made him by the insurer, although request has been duly made upon it therefor, and that your petitioner has been unable to earn any wages at all since March 23, 1932, except the sum of $15, which he received while employed as a painter, and which position he was unable to hold by reason of his disabled condition, and weekly payments of $15 each, known as unemployment insurance, up to and including April 30, 1932, but no further from the General Electric Company.

"Wherefore your petitioner, the said Nicholas Korobchuk, prays that the court may adjudge the insurer to be in contempt and make such contempt order as seems to it to be just and proper under the circumstances."

The petition was heard by *Fosdick*, J., who excluded certain evidence described in the opinion, dismissed the petition, and reported the case for determination by this court.

*J. M. Rosenthal*, for the claimant.

*T. N. Foynes*, for the insurer.

DONAHUE, J. The employee on May 16, 1932, filed a petition in the Superior Court asking to have the insurer adjudged in contempt for its alleged failure to comply with the terms of a final decree after rescript. After a hearing the judge of that court excluded certain evidence, hereinafter referred to, which was offered by the employee, and entered a decree adjudging that the insurer was not in contempt of court and dismissing the petition. Assuming for the purposes of this opinion, but without so deciding, that a judge of the Superior Court may report to this court a matter arising under the workmen's compensation act, we find no error in the exclusion of evidence or in the decree entered. The Industrial Accident Board on March 12, 1931, reviewing the decision of a single member, found a stated sum due for partial compensation up to October 25, 1930, and that partial incapacity continued, and ordered the insurer to continue the payment of partial com-

pensation weekly "at the rate of two thirds of the differ-
ence between $37.56 and the employee's actual earnings
weekly subsequent to October 25, 1930, in accordance with
the provisions of the act." From a decree entered in the
Superior Court based on this decision of the board, the
insurer appealed to this court where the decree was af-
firmed, it being pointed out in the opinion that the report
showed that the wages actually received by the employee
after his injury were found to be the wages he was then
able to earn. (See *Korobchuk's Case*, 277 Mass. 534.)
Thereafterwards on April 1, 1932, the decree after rescript
was entered in the Superior Court. That decree ordered,
adjudged and decreed that the employee "has partial in-
capacity for work resulting from personal injury . . . aris-
ing out of and in the course of his employment . . . for
which partial compensation is due on the basis of two
thirds of the difference between $37.56, his average weekly
wages before his injury, and the average weekly wages he
has been able to earn subsequent to April 9, 1930, up to
and including October 25, 1930, and continuing thereafter
subject to all the provisions of the workmen's compensation
act." The decree proceeded to recite that the amount
due to October 25, 1930, was $165.65, which with interest
up to May 25, 1931 (on which date the insurer had paid
$165.65), amounted to $171.45, and ordered the insurer to
pay the sum of $5.80 which was the amount of such in-
terest. At the time of the filing of the petition for con-
tempt on May 16, 1932, the insurer had paid this sum and
all sums specifically mentioned in the decree. The evi-
dence offered by the employee and excluded by the court
was, in substance, that on March 23, 1932 (which was
nine days before the decree after rescript was entered), the
insurer and the employee made a written agreement which
was approved by the department of industrial accidents
(G. L. c. 152, § 6), to the effect that there was due the
employee as partial compensation from October 25, 1930,
to March 23, 1932, the sum of $400 "with right to further
compensation open as to the future, in accordance with
decree of Superior Court"; that the sum of $400 had been

paid by the insurer; that there had been no further hearing or request for a hearing before the Industrial Accident Board and the above agreement had not been modified; that although the employee had requested further payments none had been made and that the employee had been unable to earn any wages at all since March 23, 1932, except the sum of $15 in an employment which he was unable to pursue because of his disabled condition.

The final decree after rescript was necessarily based on the decision made by the Industrial Accident Board on March 12, 1931. G. L. c. 152, § 11. "The decree must be that required as matter of law by the facts set forth in the decision of the board unless the decision is unsupported by evidence or tainted by error of law." *Lopes's Case*, 277 Mass. 581, 585. A decree of the Superior Court entered on findings of partial incapacity made by the Industrial Accident Board, while a final decree for the purpose of an appeal and as to the amounts therein fixed as actually due as partial compensation on a stated date, is nevertheless revisable as to the amount of payments to be made after that date if on facts later found by the board such revision becomes necessary to make the decree accord with changed conditions. "Proceedings under the act . . . do not necessarily end with the decree. . . . The statute contemplated that changes may take place which will require revision of an order for compensation; and it authorizes such revision. G. L. c. 152, §§ 7, 12." *Kareske's Case*, 250 Mass. 220, 226. A similar situation arises in proceedings brought by a wife for separate support where changed conditions are held to be ground for the revision of so much of the decree as deals with future payments. *Churchill* v. *Churchill*, 239 Mass. 443, 446. *Williamson* v. *Williamson*, 246 Mass. 270, 274. *Burgess* v. *Burgess*, 256 Mass. 99. "Weekly payments to be made in the future hardly can be disposed of finally by a present decree. This is especially true in cases of this nature because the act contains provision for reëxamination by the Industrial Accident Board as to weekly payments. . . . That in the nature of things must be done from time to time as the weeks come. The order for the rate of weekly payment to

continue subject to the provisions of the act is a proper part of the decree. The right thus can be declared. The fact of partial incapacity under the act and the payment of the gross sum found already to be due can be disposed of finally." *Johnson's Case*, 242 Mass. 489, 494.

After reciting the formula by which the amount due up to October 25, 1930, should be computed in accordance with the statute (G. L. c. 152, § 35), the decree here entered adds the words "continuing thereafter subject to all the provisions of the workmen's compensation act." This is not in terms a present order of payment. The only specific order to the insurer contained in the decree is for the payment of $5.80. The amount which the insurer should pay as partial compensation was not necessarily a constant sum but was a sum determinable with reference to what the employee himself was able to earn from time to time. That amount was from time to time subject to revision by the board. The last quoted language of the decree does not express an obligation of the insurer, the amount of which in dollars and cents the Superior Court itself could estimate, since the findings of the board which were the necessary basis of the decree merely contain a formula for the ascertainment, and not a computation, of the amount of partial compensation due after October 25, 1930. The decree properly went no farther than the finding. It follows that the language quoted does not afford a basis for the employee's petition for contempt. (See *Johnson's Case*, 242 Mass. 489, 494.) The proper construction of the quoted words is that they are declaratory of a continuing right to compensation in an undetermined amount after October 25, 1930, inserted that it might be clear that the decree did not exclude compensation beyond that date. The workmen's compensation act provides that when payment of compensation has begun it shall not be discontinued except with the written consent of the employee or the approval of the department of industrial accidents, "provided, that such compensation shall be paid in accordance with section thirty-five if the employee in fact earns wages after the original agreement is filed" (G. L. c. 152, § 29); and § 35 provides that when there is partial incapacity weekly

compensation shall be paid equal to two thirds of the difference between the employee's average weekly wages before the injury and the average weekly wages he is able to earn thereafter. Under the terms of the decree the continuing obligation of the insurer was to pay a sum to be so computed. It never has been computed. Its computation involves the process of finding facts. In proceedings under the workmen's compensation act the finding of facts is the function of the Industrial Accident Board and not of the Superior Court. *Pigeon's Case*, 216 Mass. 51, 52. *Diaz's Case*, 217 Mass. 36, 37. *Herrick's Case*, 217 Mass. 111, 112. *Bentley's Case*, 217 Mass. 79, 80. *Pass's Case*, 232 Mass. 515. *Emma's Case*, 242 Mass. 408, 414. *Kareske's Case*, 250 Mass. 220, 226. *Di Giovanni's Case*, 255 Mass. 241. *Lopes's Case*, 277 Mass. 581, 585. The employee contends that the statute should not be so construed that a recalcitrant insurer may impose hardship on an employee by compelling him from week to week to have an adjudication by the board as to the sum payable as partial compensation. We are not here deciding that a decree may not be entered on an appropriate decision by the board under which such conduct may be held to be in contempt. We presently decide only that on the decree entered and on the facts now appearing the offered evidence was rightly excluded and the petition for contempt properly dismissed.

*Decree affirmed.*