<hr/>

CHARLES WALSH'S CASE.

Hampden.   September 22, 1932. — December 5, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board, Jurisdiction of Superior Court, Incapacity. *Superior Court.*

Although findings of fact by the Industrial Accident Board in proceedings under the workmen's compensation act must stand if there is any evidence to support them, and, if the decision by the board is so warranted, the only function of the Superior Court, upon a certification to it, is to determine as matter of law what kind of decree ought to be entered upon the decision made by the board, nevertheless, where such certification includes a report of all the evidence before the board, the question of law, whether there was any evidence before the board to support its decision, is presented to the Superior Court.

A certification to the Superior Court under the workmen's compensation act showed a decision by the Industrial Accident Board that the employee was entitled to compensation for total incapacity during a certain period due to an injury to his hand, and the evidence before the board was reported. Testimony by the employee and by physicians called by him showed that he had failed to accept his employer's offer of light work because he believed he would be laid off and would be given employment only for part time and that his failure to return to certain work assigned him, which was work he had previously performed, was not due to the condition of his hand, so that it could not rightly have been found that he was totally incapacitated during the period stated by the board. There was evidence of partial incapacity. In the Superior Court, without the matter having been remanded to the board, there was entered a decree awarding a certain amount as compensation for partial incapacity during the period in question. The employee appealed, and a rescript was sent by this court reversing such decree of the Superior Court and ordering the case remanded to the board to determine the amount of compensation which the employee was entitled to receive for partial incapacity.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation, as described in the opinion.

In the Superior Court, the case was heard by *Whiting*, J. Material evidence shown by the record is described in the opinion. The decree described in the opinion was entered. The employee appealed.

The case was submitted on briefs at the sitting of the court in September, 1932, and afterwards was submitted on briefs to all the Justices.

*J. F. Egan*, for the claimant.

*F. J. Godfrey*, for the insurer.

CROSBY, J. This is an appeal by the employee from a decree entered in the Superior Court awarding him partial compensation from January 27, 1931.

A single member of the Industrial Accident Board found that the employee received a personal injury on May 29, 1930, arising out of and in the course of his employment, when a piece of steel entered his right wrist. His average weekly wages were $40 and he was paid compensation for total disability until September, 1930, when he returned to light work as an inspector, and after working five days for two weeks and three days for three weeks he was laid off with others because of lack of work. The employee testified that he had severe pain in his hand during that period; that in November of that year a piece of bone was removed from his wrist, and thereafter the insurer paid him compensation for total disability to January 31, 1931. He returned to work January 5, 1931, but after working ten minutes his hand pained him and he was obliged to quit. The single member states in his decision that Dr. Cullen, who was called by the employee and examined him on March 20, 1931, found that his grip was very weak, but it was the opinion of the doctor that he could do light work; that Dr. O'Neal, called by the employee, testified that he examined the employee March 19, 1931; that "The hand was swollen and there was numbness over the back of the hand, and he had a very weak grip. Sensations were limited. He felt, however, that the

employee could do light work, provided that he did not have to lift or grip any objects. The doctor could not say how long it will be before he recovers his normal grip."

The single member found and ruled upon all the evidence that the employee has been totally disabled for work since January 31, 1931, to the date of the hearing, March 27, 1931, and therefore was entitled to seven and six sevenths weeks compensation at $18 per week, amounting to $141.43. The decision was adopted and affirmed by the reviewing board, and costs were assessed in the sum of $35 against the insurer under G. L. (Ter. Ed.) c. 152, § 10. The case was thereafter heard by a judge of the Superior Court, and a decree was entered awarding compensation for partial incapacity for work resulting from the injury from January 27, 1931, at the rate of $5.14 per week to March 27, 1931, and continuing thereafter subject to the provisions of the act, the total amount due to March 27, 1931, being $43.32, together with the costs of the review assessed in the sum of $35. The employee appealed from this decree.

The question to be decided is whether there was any evidence of total disability from January 27, 1931, to March 27, 1931. The employee testified in substance that he had not tried to do any work since January 5, 1931, because his hand was sore; that the last of January his employer wanted him "to go on inspecting, and witness asked them how much time they could give him, and they could not say, and so he told them that his hand was not right — he could not close it up and there was no strength in it. He has tried to use his hand . . . and the hand is weak; it does not pain now. In January he tried picking up things . . . he could pick up small articles, but he could not shovel coal with the hand"; that about January 26 he was offered by his employer a job inspecting, the same job he had before; that the foreman told him that the job was there for him; that before he left on January 26 he said "he would be around the next morning, and he has not showed up since. He did not show up because the hand was not right, and he would work a day or two and then they would lay him off." There is no evidence that his work of inspecting required him to perform any heavy

work or work which he could not easily perform. He was shown a copy of a letter received by him from the insurer, dated March 3, 1931, in which it was stated that the employer had authorized the insurer to offer the employee a light job which he would be able to perform, and asked him to call at the office of the personnel manager of the employer where a job was in readiness for him. He testified that he did not go to the office after receiving the letter "because he knew that they would offer him the same as before."

Dr. Cullen, called by the employee, testified that he had treated the employee for his injury and that he does not see why he cannot do inspecting work if he does not have to use his hand too much in grasping; that he has a weak grip. Questioned by the insurer this witness testified that he would advise some light work if the employee can get it; that he feels that he could do it; that the employee is much improved. The employee then stated that "on the inspection job you take hold of the piece of forging and look at it, and some of them you gauge. You need to use your right hand in that work. The pieces of forging are not heavy — they are hinges." The doctor, having heard this employee's description of the work of inspection, was then asked his opinion as to whether the employee could have done that work on January 27; he replied, "It looks to me as though he could have. He did it for five weeks and quit because he was laid off."

Dr. O'Neal, called by the employee, testified that he saw the employee March 19, 1931; that he could do light work provided he does not have to grasp anything to hold, and does not have to lift heavy weights; that if the work did not involve continual lifting of a pound or over he thought the employee could do it; that he is able to do inspection work or light work that does not require lifting or grasping; that from the history he understands that the employee's condition has been progressively better since January 27, 1931.

The findings of fact by the Industrial Accident Board must stand if there is any evidence to support them. *Pigeon's Case*, 216 Mass. 51, 52. *Corbett's Case*, 270 Mass.

162, 164. The only function of the Superior Court is to determine as matter of law "what kind of a decree ought to be entered upon the decision made by the board." *Di Giovanni's Case*, 255 Mass. 241, and cases cited at page 242. The statute provides that when the record of the Industrial Accident Board is presented to the Superior Court the court is to "render a decree in accordance therewith." G. L. (Ter. Ed.) c. 152, § 11. The decree must be such as the law requires .upon the facts found by the board. *McNicol's Case*, 215 Mass. 497, 502. Although the findings of fact made by the board are conclusive, when, as here, all the evidence is reported, it becomes a question of law whether there was any evidence upon which the finding could have been made. *Herrick's Case*, 217 Mass. 111, 113. *Di Giovanni's Case*, 255 Mass. 241, 242. *Lopes's Case*, 277 Mass. 581, 585. From the employee's own testimony it appears that he failed to accept the employer's offer of light work because he believed he would be laid off, and would not be given employment more days each week than he had received before. It is plain from his testimony that his failure to return to work as an inspector, which was work he had previously performed, was not due to the condition of his wrist. This testimony of the employee and that of the physicians called by him show that it could not rightly be found that the employee was totally incapacitated for work from January 27, 1931, to March 27, 1931. There was evidence, however, of partial incapacity during that period as set forth in the decree. The decree must be reversed, and the case remanded to the Industrial Accident Board to determine the amount of compensation the employee is entitled to receive for partial incapacity.

*So ordered.*