### PETER LEDUC'S CASE.

Suffolk.    December 5, 6, 1933. — December 6, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Proximate cause, Findings by Industrial Accident Board.    *Proximate Cause.*

A finding by the Industrial Accident Board in proceedings under the workmen's compensation act, that there was no causal connection between injuries sustained by the employee arising out of and in the course of his employment and a shock with paralysis which he suffered some two months later, could not be disturbed where it was amply supported by medical testimony.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying compensation.

Material findings by the board are stated in the opinion. By order of *Swift,* J., a decree in accordance with the board's decision was entered. The employee appealed.

*W. L. Currier,* for the claimant.

The insurer was not called on.

BY THE COURT. The employee received injuries arising out of and in the course of his employment on October 13, 1931, for which he was paid some compensation. These injuries consisted of bruises to his knees, a contusion of the shoulder and a laceration about an inch in length on his head. He returned to work about November 2, 1931, doing lighter work than that performed by him previously to the accident. He continued to work until about two weeks before Christmas, and on December 31, 1931, had a shock with paralysis of the right arm and leg and some

paralysis of the face, and his speech was very much affected. The decision of the reviewing board affirming the finding of the single member was that there was no causal relation between the injury and the shock.  Whether there was such causal connection was a question of fact.  There was ample evidence to support this finding in the testimony of physicians.  Its credibility and weight were entirely for the reviewing board.  No error of law was disclosed on the record.  *Pass's Case*, 232 Mass. 515.  *DePietro's Case, ante*, 381, and cases collected.

<div align="right">

*Decree affirmed.*