### JOSEPH LAZARZ'S CASE.

Suffolk.     February 6, 1936. — February 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Findings by Industrial Accident Board, Jurisdiction of Superior Court.   *Superior Court.*

Violation by an employee, whose duty was to polish the outside of gear cages, of a rule of and instructions by his employer, with which he was familiar, prohibiting opening of gear cages and the cleaning of gears in motion, although found by the Industrial Accident Board not to have been serious and wilful misconduct on his part, warranted a finding that an injury resulting therefrom did not arise out of the employment.

The Superior Court, upon certification under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, has no jurisdiction to come to a different conclusion of fact upon the evidence or subsidiary facts from that reached by the board, unless such different conclusion is required as a matter of law.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying compensation.

The case was heard by *Fosdick,* J., by whose order a decree was entered awarding compensation.   The insurer appealed.

The case was submitted on briefs.

*J. J. Connors & E. W. Sawyer*, for the insurer.

*S. W. Wisnioski*, for the claimant.

LUMMUS, J.   The employee, a boy of sixteen, lost a finger in the gears of a machine.   The gears were completely enclosed in a large solid metal gear case, sometimes called box or cage, with a sliding door opened by a knob. When first employed, eight days before the injury, as a sweeper and cleaner, the employee received printed rules for the prevention of accidents, and promised in writing to read and obey them.   He signed also the following statement: "I am familiar with the rule prohibiting removal of gear cages and cleaning gears in motion . . . ." He was shown an open gear case, and was told of the danger that lay within.

On the day of the injury he was told to polish the gear cases on the outside with a white liquid polish and a handful of waste, and was again warned not to open the gear cases.   The inside of the gear cases was constantly splashed with oil from the gears, and was never cleaned.   The employee testified that some of the polish got into a crevice in one of the gear cases, and that in the attempt to wipe it out completely he intentionally opened the gear case, and was hurt.   The board were not required to believe this testimony, and there is nothing to show that they did so.

Negligence on the part of an employee does not deprive him of compensation to which in other respects he shows himself entitled.   Only "his serious and wilful misconduct," resulting in the injury, has that effect.   G. L. (Ter. Ed.) c. 152, § 27.   *Nickerson's Case*, 218 Mass. 158.   *Silver's Case*, 260 Mass. 222.   *Swardleck's Case*, 264 Mass. 495, 497, 498.   Although the employee violated the rule and his instructions, it was not found that he did so wilfully.   The board expressly found that he was not guilty of serious and wilful misconduct.   The insurer does not complain of this finding.

But although guiltless of such misconduct, the employee in this case, in order to obtain compensation, must show that the injury was one "arising out of and in the course

of his employment." G. L. (Ter. Ed.) c. 152, § 26. There must be a causal relation between the employment and the injury. *Higgins's Case,* 284 Mass. 345, 347, 348. "An injury does not arise out of an employment when the risk is one not fairly contemplated by the agreement of employment. If an employee goes outside the scope of his employment and incurs a danger of his own choosing and one altogether outside of any reasonable exercise of his employment . . . he cannot recover." *Eifler's Case,* 276 Mass. 1, 2. *Bolden's Case,* 235 Mass. 309. The board considered that the opening of the gear case was a departure from the job given the employee, and not merely a negligent act in doing the job. They found that the injury did not arise out of the employment. This finding was one of fact although it was based on subsidiary facts and involved an element of law. It was warranted by the evidence.

The Superior Court was bound by that finding, for its authority in workmen's compensation cases does not extend to the revision of findings of fact. It had no right upon the evidence or subsidiary facts to come to a different conclusion, unless such different conclusion was required as matter of law, as it was not. *Di Giovanni's Case,* 255 Mass. 241. *Korobchuk's Case,* 280 Mass. 412, 418. *Seelig's Case,* 280 Mass. 466. *Walsh's Case,* 281 Mass. 228, 231, 232. *DePietro's Case,* 284 Mass. 381, 384. *Di Clavio's Case, ante,* 259. See also *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24.

> *Decree reversed.*
> *Decree for insurer.*