DEWEY G. LeBLANC's (dependents') CASE.

Suffolk.    March 9, 1956. — June 4, 1956.

Present: QUA, C.J., RONAN, WILKINS, COUNIHAN, & WHITTEMORE, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

Evidence in a workmen's compensation case did not warrant a finding that a fatal heart attack suffered by the employee in the course of his employment as a buffing machine operator in a tannery occurred through the effect of strain or exertion in his work upon a preëxisting heart disease sooner than it would have occurred in the normal course of the disease, or a finding that it was a personal injury arising out of his employment, and did not support an award of dependency compensation.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Morton,* J.

*Daniel A. Canning,* (*Francis T. Jantzen, Jr.,* with him,) for the insurer.

*Richard C. Johnson,* for the claimants.

RONAN, J. This is an appeal by the insurer in a workmen's compensation case from a decree awarding compensation to the dependents of one LeBlanc who at the time of his death was actually employed in operating a buffing machine in the tannery of the insured.

The death of the employee having occurred in the course of his employment, the question is whether it arose out of his employment, or, in other words, whether his death was due to his heart disease in its usual course or whether death came sooner than it otherwise would because it resulted from a heart attack induced by his employment. The employee was an experienced buffing machine operator. A skin weighing about eight pounds is placed upon the table of the machine and drawn into the machine between a set of twenty-four inch rolls. One of the rolls is covered with abrasive. Pressure of the abrasive roll against the skin is applied by means of a foot treadle. The skin is held back by the operator so that it is buffed uniformly. A day's work consists of buffing two hundred fifty to three hundred skins.

The employee was fifty-three years of age at the time of his death on April 15, 1953. The employee had been suffering from a heart disease at least since the late fall of 1949 and had last seen a physician on December 16, 1950. The employee complained of a pain in the left arm and shoulder and reported that he secured relief by taking the nitroglycerin pills the doctor had prescribed for him. The family physician testified that the employee's work could have accelerated the condition of his heart and caused his death sooner than it might otherwise occur, and that "ordinary stress and strain of work could possibly produce

death." The employee's wife testified that he was pleasant and cheerful during the lunch hour and that he also stated to her that he had worked hard during the morning and the work was heavy. The medical expert for the insurer testified that there was no causal connection between the employment and the death of the employee. The death certificate stated there was no relation between the occupation and the death. Whether there was any causal connection between the employment and the death was a matter for experts in medical science. It was beyond the knowledge of ordinary laymen.

To be entitled to an award the claimant was required to prove by a fair preponderance of the evidence that the strain and exertion of the employment precipitated the heart attack which resulted in the employee's death. This she has failed to do. *Falco's Case,* 260 Mass. 74. *Green's Case,* 266 Mass. 355. *Herlihy's Case,* 267 Mass. 232. *De-Filippo's Case,* 284 Mass. 531, 534. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223–224.

The final decree is reversed and a decree is to be entered dismissing the claim.

*So ordered.*