SALVATORE EMMA'S CASE.

Suffolk. March 15, 1922. — July 6, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Workmen's Compensation Act,* Procedure: report of impartial physician, appeal. *Evidence.*

At a hearing before the Industrial Accident Board to review the decision of a single member of the board awarding compensation to an employee for total disability based upon the conclusion of a duly qualified impartial physician that an eye injury and results therefrom had "an exciting and exacerbating effect upon a condition which, prior to the injury, was apparently neither serious nor disabling, and which is now both," the insurer moved for leave to introduce as further evidence a supplemental report by the same physician made after the decision of the single member but before the hearing on review, copies of which had been furnished by the board to both insurer and employee, in substance that from the history of the case the employee's infection apparently started on the bridge of his nose and if this was so he did not think the original injury played any appreciable part in its production or cause. The motion was denied and the decision of the single member of the board was affirmed. Upon certification of the proceedings to the Superior Court, an agreement was filed which set forth the supplemental report of the physician and a motion was filed by the insurer that the record be amplified to include that report. The judge denied the motion and ordered compensation for total incapacity in accordance with the decision of the board. Upon appeal it was *held,* that

(1) The statute placed the supplemental report upon the footing of evidence, after copies had been seasonably given to the parties;

(2) The supplemental report having been asked for and copies duly transmitted to the insurer and the employee, the admissibility of the report did not depend upon formal offer of proof;

(3) The agreement could be considered in connection with the appeal;

(4) The supplemental report was before the board for consideration in connection with all the evidence, and the provision of § 10 that the admission of further evidence is discretionary had no application;

(5) It being plain that the award expressly was made on a part only of the material and competent evidence, the decree must be reversed.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board, awarding compensation to Salvatore Emma an employee of Coleman Brothers for total disability arising from an injury to his left eye.

In the Superior Court an agreement between the parties was filed as follows:

"It is agreed in the above entitled action that William W. Kennard, Esq., Chairman of the Industrial Accident Board and as single member thereof, on May 14, 1921, entered a decision as appears on the certified record in this action, and that on May 16, 1921, Dr. Cadis Phipps, M.D., appointed by said Industrial Accident Board to make an impartial examination of said Salvatore Emma and to report the result of said impartial examination and his conclusions thereon to the said Industrial Accident Board, did then and there report on May 16, 1921, as follows: 'I now offer a supplemental report on the above named employee who called at my office on May 10, 1921, with an interpreter at my request, as I had been unable to get a history at the time of his previous visit on April 29, 1921. Patient states that he had been unable to do any work because of continued weakness and dizziness and that early in December 1920 he was taken ill with Erysipelas for which he was treated at the Homeopathic Hospital. This Erysipelas began apparently on the bridge of his nose and spread bilaterally. Patient states that now if he walks or tries to do any work he has cardiac pain. He has severe headaches whenever he gets excited and gets dizzy frequently. His bowels move normally. He passes water very frequently. He sleeps poorly because of headaches and gets up 5 or 6 times at night to micturate. His left leg frequently swells but not his right one. His appetite is good but food often makes him nauseated. He is totally incapacitated. . . . I have no further opinion to offer except that I would modify my previously expressed opinion that his Erysipelas began in the injured eye. From the man's story his infection apparently started on the bridge of his nose, a common place for it. If this be the case I do not feel that his original injury played any appreciable part in its production or course.'

"That on May 13, 1921, the Industrial Accident Board sent copies of the decision of said William W. Kennard, Chairman,

single member, entered on May 14, 1921, as aforesaid, to said Salvatore Emma, to the Boston Legal Aid Society, Morris Klein, Esq. and Paul L. Keenan, Esq., Attorneys for said Salvatore Emma, and to said United States Fidelity and Guaranty Company, and did then and there notify said Salvatore Emma, his said Attorneys and the United States Fidelity and Guaranty Company, that any claim or review from said decision from said single member must be actually filed by either said Salvatore Emma or said United States Fidelity and Guaranty Company with said Industrial Accident Board on or before May 20, 1921.

"That on May 19, 1921, said United States Fidelity and Guaranty Company did file its application and claim for review of said claim of said Salvatore Emma before the full Industrial Accident Board.

"That on said May 19 the said Industrial Accident Board did give notice of a hearing on said claim and application for review to be had on Thursday, June 2, 1921, at 9.30 A.M. to said Salvatore Emma, to said Boston Legal Aid Society, to said M. Klein and to said Paul L. Keenan, Esqs., and said United States Fidelity and Guaranty Company.

"That pending said application and claim for review, said supplementary report of Dr. Cadis Phipps was duly filed with said Industrial Accident Board.

"Also on May 23, 1921, a copy of said impartial physician's supplementary report, to wit: — the report of Dr. Cadis Phipps hereinbefore set forth, was duly sent by said Industrial Accident Board to Salvatore Emma, to said Paul Keenan, Esq., to said M. Klein, Esq., and the Boston Legal Aid Society and said United States Fidelity and Guaranty Company.

"On June 2, 1921, a notice of a hearing on said claim and application for review to be held on Thursday, June 9, 1921, at 9.30 A.M. was sent by said Industrial Accident Board to said United States Fidelity and Guaranty Company, to said Salvatore Emma, said Paul L. Keenan, Esq., the Boston Legal Aid Society and said M. Klein, Esq., and that on July 7, 1921, a copy of the findings and decision of said Industrial Accident Board was sent to said United States Fidelity and Guaranty Company, to said Salvatore Emma and to said Paul L. Keenan, Esq., his Attorney."

The insurer filed in the Superior Court a motion that the

record be amplified by including a certified copy of the supplemental report of the impartial physician as set forth in the agreement. The findings of the Industrial Accident Board and material evidence are described in the opinion. By order of *Sanderson*, J., the motion to amplify the record was denied and a decree was entered in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*H. V. Cunningham*, for the insurer.

*P. L. Keenan*, for the claimant.

BRALEY, J. The employee while at work for the subscriber suffered an injury to his left eye which caused its removal, and the insurer paid specific compensation therefor, as well as compensation for total disability under an agreement of the parties filed and approved by the Industrial Accident Board. G. L. c. 152, §§ 6, 34, 36. The insurer however under § 12, asked for a review of the weekly payments, and the single member to whom the case had been referred found, on the evidence of the employee, the records of the hospital where he had been treated, and of the physician called by the insurer and two reports made by Dr. Cadis Phipps dated respectively November 29, 1920, and December 4, 1920, a duly qualified impartial physician appointed under § 9, that upon payment of the compensation due for disability at "the date of this finding . . . the employee will have been fully compensated for the effects of the injury . . . and . . . that all disability as a result of the injury has now ended." A claim for review having been filed by the employee under § 10, the full board on January 18, 1921, granted his motion to recommit the case to the single member "for such further consideration in the way of additional proof of existing or new facts as may seem advisable and proper." At the hearing on the recommittal "the following evidence is added to the record." A continued report of the Massachusetts Homeopathic Hospital and the hospital's physician's orders showing that the employee, who had received treatment, was suffering from "marked facial erysipelas, severe pain, tenderness, and high fever. Muco purulent, discharge from left eye. Eye ball left side, absent," and three reports of Dr. Phipps. In the first report February 18, 1921, he states, "I filed a supplemental report . . . December 4, 1920, after having read the reports from the Mass. Charitable

Eye and Ear Infirmary and the Mass. Gen. Hosp. in which I expressed the opinion that the employee's cardiac and renal condition were indirectly related to his eye injury.

"The last hospital report from the Mass. Homeopathic Hospital which I received today will in no way alter my previous opinion as it described his condition subsequent to my last examination (it is dated Dec. 13, 1920)." On February 26, 1921, Dr. Phipps reported that he could "add nothing to my reports on Salvatore Emma concerning his illness (Erysipelas) suffered subsequent to my last examination without another physical examination." On April 29, 1921, he "re-examined the . . . employee" and submitted his fifth report. While the preliminary details may be omitted, his conclusions which read as follows are important, "In addition to my previous opinion as expressed in the report of Dec. 4, 1920, I feel that this man has a much more serious condition; his heart is more enlarged (hypertrophied; his arterial tension has reached a dangerous level; and he apparently has had an acute exacerbation of his nephritis. It seems at least possible that not only has his attack of Erysipelas been largely responsible for this increase in his symptoms but also that the initial injury to his eye played a slight part in this disease by offering a portal of entry to the infection (apparently the Erysipelas began in the enucleated eyesocket). This last is largely problematical. I consider him absolutely incapacitated and in need of hospital treatment." The single member in his decision filed May 14, 1921, states, "Upon all the evidence in the record, it seems apparent that this employee is totally incapacitated and I so find.

"In a decision made heretofore in this case, I reached the conclusion that the injury was not a causal factor in such disability as he had. As appears from the present record, further testimony bearing upon that point is now before me. The question is purely a medical one. Dr. Phipps, who has examined this man on two separate occasions, and has had before him all the records available as to the progress of his trouble, is of the opinion that the eye injury and the results following therefrom have had an exciting and exacerbating effect upon a condition which, prior to the injury, was apparently neither serious nor disabling, and which is now both. In making a finding, I am following his conclusions;

from which conclusions I feel bound, under the interpretation which has always been given the compensation law, to find that the employee is entitled to compensation because of the effects of the injury he sustained. This disability being total, he is entitled to full disability compensation, which should be paid him from December 18, 1920, when it was discontinued, at the rate of $16.00 per week. The amount due the employee under this decision to the date of filing, May 13, 1921, is $333.71, or 20 6/7ths weeks at $16.00 per week, compensation to continue subject to the provisions of the Compensation Act."

The insurer on May 19, 1921, filed a claim for review, and thereupon the case was before the board for final hearing and decision. The hearing after due notice took place June 9, 1921. A majority of the board found and ruled upon all the evidence that the employee was entitled to compensation in accordance with the decision of the single member. But the insurer having moved for permission to introduce further evidence, which motion was denied, its appeal from the decree affirming the order rests on the ground that as matter of law the board erred in refusing to receive the evidence. By § 10, "No party shall as of right be entitled to a second hearing upon questions of fact," and the implication is that commonly there shall be no rehearing on the merits. *Devine's Case*, 236 Mass. 588, 595. The insurer's motion and the character of the evidence it sought to introduce does not appear in the record sent up by the board. It can only be inferred from the dissent of the minority member in which he says, "I am of the opinion that the motion to introduce further evidence, viz: — an impartial report filed by Dr. Phipps after my last decision was filed, should have been allowed. With this evidence upon the record, I am of the opinion that a finding for the insurer should then be made in line with my original finding." We assume therefore that the evidence offered was limited to the introduction of Dr. Phipps' supplemental and last report, which had been received and was known to the board. By § 9, the report of the duly qualified impartial physician "shall be admissible as evidence in any proceeding before the department or a member thereof; provided, that the employee and the insurer have seasonably been furnished with copies thereof." It is not conclusive. It is agreed by the parties that this had been done by the board.

We are of opinion that this agreement can be considered in connection with the appeal. "When copies of the decision of the board and all papers in connection therewith have been transmitted to the Superior Court, it is the duty of that court to take such action and make such a decree as the law requires on the facts found by the board. It has jurisdiction over the case in the same way and to the same extent that it has for example in a suit in equity where the facts have been found by a master. *Pigeon's Case,* 216 Mass. 51. *McNicol's Case,* 215 Mass. 497." *Brown's Case,* 228 Mass. 31. *Sciola's Case,* 236 Mass. 407. It follows that when the case came on for final hearing the board had in its possession the report of which each party had received a copy. The report by the statute is put upon the footing of evidence, if copies have been seasonably given to the parties. It is not to be assumed that the Legislature intended that the board or a single member should give any probative weight whatever to such a report unless it is used as evidence. *Duprey's Case,* 219 Mass. 189, 193. It was discretionary with the board whether a report should be requested. But, having been asked for and furnished and copies duly transmitted, the admissibility of the report does not depend upon formal offer of proof. It was before the board for consideration in connection with all the evidence, and the provisions of § 10, that the admission of further evidence is discretionary has no application. It was competent for either party to offer evidence to rebut or control the clinical statements and conclusions of the report, or to impeach the credibility, impartiality and qualifications of the certifying physician. But a failure to exercise such rights, or the enforcement of them could not affect the duty of the board to consider the report as evidence for whatever in their judgment it might be worth. It being plain that the award expressly was made on a part only of the material and competent evidence, the decree must be reversed and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings not inconsistent with this opinion. *Doherty's Case,* 222 Mass. 98. *Brown's Case,* 228 Mass. 31. *Sciola's Case,* 236 Mass. 407, 414, and cases there collected.

*Ordered accordingly.*