GINO UBERTO *vs.* MAX KAUFMAN & another.

Suffolk.  *November 5, 1964.* — *December 4, 1964.*

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Evidence,* Opinion: expert.  *Employer's Liability,* Injury arising out of and in the course of employment.

An opinion by an expert medical witness based on his examination of a patient, a diagnosis coinciding with a diagnosis made at a hospital, and information given to him by the patient was not deprived of its probative value by the fact that it was given in answer to a hypothetical question containing some "assumptions not established by the evidence." [172–173]

Evidence warranted a finding that a man over fifty-five years old who suffered a heart attack after picking up a bundle of material weighing some ninety pounds in the course of his work sustained an "injury . . . [arising] out of and in the course of [his] employment" within G. L. c. 152, § 66, cl. 4. [173–174]

---

[1] Section 148, so far as here material, reads: "Every person having employees in his service shall pay weekly each such employee the wages earned by him to within six days of the date of said payment if employed for five or six days in the week, or to within seven days of the date of said payment if employed seven days in the week."  For violation of this section criminal penalties are provided.

TORT. Writ in the Superior Court dated October 17, 1961.

The action was tried before *Goldberg, J.*

*Louis Karp* for the defendants.

*Salvatore Musco, Jr.,* for the plaintiff.

SPIEGEL, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries which he sustained while working as an employee of the defendants. The defendants were not subscribers under the Workmen's Compensation Act. The jury returned a verdict for the plaintiff. The case is here on the exception of the defendants to the denial of their motion for a directed verdict.

From the evidence most favorable to the plaintiff the jury could have found the following: On the morning of March 14, 1961, the plaintiff, who was over fifty-five years of age, "felt well" and "had no chest pain before he started . . . work." He arrived at his place of employment "between 8:15 A.M. and 8:30 A.M.," went to the basement, "and after the performance of various chores," "picked up a bundle of large paper sacks weighing 90 pounds or more." He thereupon suffered a pain in his "lower breastbone area" and "fell down." After drinking some milk he vomited. The pain recurred and he was taken to a hospital where he stayed until June 9, 1961. In July, 1961, he again felt ill, had "chest pain," and was "taken to the Veteran's Hospital . . . [where he] remained two days." He subsequently returned "as an out-patient about once a month." "[T]he front and side of his heart" were damaged, and he suffered an "acute anterolateral mycardial infarction." His ability to work has been impaired as a result of this heart condition.

The sole issue before us is whether there was evidence tending to show that the plaintiff sustained an injury arising "out of and in the course of [his] employment." G. L. c. 152, § 66, cl. 4.

At the trial, a heart specialist called by the plaintiff testified, in response to a hypothetical question, that "there is a direct causal relationship between the effort of lifting the

bundle of bags and the onset of his acute heart damage.''
The defendants contend that a variety of ''assumptions not
established by the evidence'' were submitted to the expert
witness in the hypothetical question, and that his answer
is thus ''without probative value.'' However, the witness
had examined the plaintiff a few months after the accident
and made a diagnosis at that time which coincided with the
diagnosis made at the hospital. Before the hypothetical
question was put to the witness, he testified regarding the
events and circumstances immediately prior to the occur-
rence of the plaintiff's heart injury as they were related
to him by the plaintiff during the medical examination.
Whether such testimony would be admissible as proof of
the matters stated had the defendants objected thereto is
not in issue. In the case at bar the testimony could prop-
erly serve as a basis for an expert opinion. A qualified
expert witness may ''base his opinion upon facts observed
by himself or within his own knowledge and testified to by
himself, or upon facts assumed in the questions put to him
and supported either by admitted facts or by the testimony
of other witnesses already given or to be given at the trial,
or upon facts derived partly from one source and partly
from the other.'' *Commonwealth* v. *Russ,* 232 Mass. 58, 73.
*Lovasco* v. *Parkhurst Marine Ry.* 322 Mass. 64, 67. See
McCormick, Evidence, §§ 14–15. ''The witness possessed
special knowledge and the . . . [opinion] which he rendered
bore relation to the facts which the jury could have found.''
*Commonwealth* v. *Boyle,* 346 Mass. 1, 4. It is apparent
from the witness's testimony on cross-examination that his
opinion, to the extent that it depended on the weight of the
sacks or bundles lifted by the plaintiff, was based on in-
formation with regard to which the witness had previously
testified. Thus, the hypothetical question put to the wit-
ness was not crucial to his expert opinion, and the various
assumptions in the question which were not ''established
by the evidence'' are of no significance.

The defendants also argue that ''[t]here was no evi-
dence as to the extent to which the plaintiff exerted him-

self.'' We do not agree. The evidence regarding the weight of the sacks or bundles lifted by the plaintiff, together with other evidence of his age and physical appearance, is ample indication of the ''effort'' or ''exertion'' involved. We think that the expert opinion had sufficient probative value to support a finding that the plaintiff sustained an injury arising ''out of and in the course of [his] employment.'' There was no error in the denial of the defendants' motion for a directed verdict.

*Exceptions overruled.*