WILLIAM D. BENHAM'S CASE.

Suffolk. May 7, 1969. — June 10, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* Impartial physician, Rules of Industrial Accident Board. *Constitutional Law,* Due process of law. *Notice.*

After holding a hearing in a workmen's compensation case, the reviewing board had the power to appoint an impartial physician under G. L. c. 152, § 9, provided copies of his report were seasonably furnished to the parties and reasonable opportunity was given for rebuttal thereof, and, where no request for rebuttal was received by the board from experienced counsel within the seven days allowed by Rule IV-9 of the Industrial Accident Board, the report of the impartial physician was evidence and properly might be made the basis of the reviewing board's decision, and there was no denial of due process of law.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

A ruling respecting the appointment of an impartial physician and an interlocutory decree remanding the case to the board were by *Hale*, J., and the final decree was by *Coddaire*, J.

M. *Elizabeth Foley* for the employee.

*Ernest W. Piper, Jr.*, for the insurer.

WHITTEMORE, J. The employee has appealed from a final decree entered in the Superior Court in accordance with a decision of a reviewing board.

The single member had found compensable disability for periods through June 9, 1964, but that the employee had failed to sustain the burden of proving that his incapacity after that date was causally related to injury arising out of and in the course of employment. The employee having filed a claim for review, the statutory hearing was held by the reviewing board (the board). Thereafter and without notice to the parties the board, acting under G. L. c. 152, § 9, appointed an impartial physician to examine the employee and to report. The physician filed two reports dated, respectively, April 7, 1967, and April 28, 1967. The decision of the board recited that the reports of the impartial physician "having been duly received by the Reviewing Board and copies thereof furnished to the insurer and the employee seasonably affording opportunity to the parties to request rebuttal thereof, if desired, are made part of the evidence . . . ." In its decision, filed on May 11, 1967, the board adopted the decision of the single member except that, on the basis of the reports of the impartial physician, the board reversed the finding as to incapacity after June 9, 1964, and found continuing total compensable incapacity.

The Superior Court on September 29, 1967, ruled that the board had no power following the hearing on review to appoint an impartial physician under § 9 and to receive and consider his reports. An interlocutory decree, from which the employee appealed, remanded the case to the board for reconsideration in accordance with the ruling. The board in a decision asserting its right to have received and considered the reports under G. L. c. 152, §§ 9 and 10, and

reserving the employee's rights, nevertheless awarded compensation only through June 9, 1964, in accordance with the Superior Court decree. The final decree ordered compensation in accordance with this second decision of the board.

1. The board had power to order an examination by an impartial physician after the statutory hearing had been held. Relevant provisions of the statute and the applicable rules are set out in the margin.[1]

*Emma's Case*, 242 Mass. 408, holds that a report of an impartial physician filed pursuant to an order of the board is a part of the evidence. The court said at p. 414, "The report by the statute is put upon the footing of evidence, if copies have been seasonably given to the parties. . . . It was discretionary with the board whether a report should be requested. But, having been asked for and furnished and copies duly transmitted, the admissibility of the report does not depend upon formal offer of proof. It was before the board for consideration in connection with all the evidence, and the provisions of § 10, that the admission of further evidence is discretionary has no application. It was competent for either party to offer evidence to rebut or control . . . the credibility, impartiality and qualifications of the certifying physician. But a failure to exercise such rights,

---

[1] General Laws c. 152, § 9: "The division [Industrial Accident Board, a division of the Department of Labor and Industries] or any member thereof, may appoint a duly qualified impartial physician to examine the injured employee and to report. . . . The report of the physician shall be admissible as evidence in any proceeding before the division or a member thereof; provided that the employee and the insurer have seasonably been furnished with copies thereof." (As amended through St. 1953, c. 314, § 6.) Section 10: "[T]he reviewing board shall hear the parties, and may hear evidence in regard to pertinent matters and may revise the decision in whole or in part, or may refer the matter back to the member for further findings of fact, and shall file its decision with the records of the proceedings and notify the parties." (As amended by St. 1947, c. 546.) Industrial Accident Board Rule IV-8: "The report of the impartial physician made under section 9 of . . . [G. L. c. 152] shall be accepted by the board member as evidence in the case." Rule IV-9: "The division or member may decline to allow rebuttal of reports of impartial physicians where request for such rebuttal is received later than seven days after the mailing of such reports." Rule V-2: "No testimony will be taken by the reviewing board. The board may, however, in its discretion, take a view, examine an injured employee, or request further medical examination and report."

or the enforcement of them could not affect the duty of the board to consider the report as evidence . . . ."

In that case the impartial report was requested before the hearing on review. But nothing in the statute suggests that the power of the board had been exhausted by the holding of the statutory hearing. The insurer's brief in effect recognizes this in asserting that its interpretation of the statute "does not deprive the Board of the power to act further [for] [t]he statute allows recommittal to the single member, at which time further medical evidence could be obtained."

In view of § 9 and *Emma's Case*, we see nothing in the insurer's assertion that the reviewing board was unlawfully acting "to secure its own evidence."

2. The insurer asserts further that the procedure adopted did not accord with due process of law. We disagree.

It would have been appropriate and advisable for the board to have informed the parties of its decision, after the hearing had closed, to request the report of an impartial physician and in effect thereby to bring further evidence into the case. But no right or discretionary action of the insurer depended on such a notice.

The reports became a part of the evidence without formal offer of proof provided "the employee and the insurer . . . [were] seasonably . . . furnished with copies" and were given reasonable opportunity "to offer evidence to rebut or control . . . the credibility, impartiality and qualifications of the certifying physician." *Emma's Case, supra.*

The insurer was also entitled to an opportunity to argue its case before the board after all the evidence was in. *Khachadoorian's Case*, 329 Mass. 625, 627.

The issue, therefore, is the effect of Rule IV–9 and the failure of the insurer to request an opportunity for rebuttal within seven days after the mailing of the copies of the reports.

We are justified in concluding that there was such failure. This is implicit in the board's statement in its decision that "copies . . . [were] furnished to the insurer . . . seasonably affording opportunity . . . to request rebuttal thereof,

if desired." The insurer does not suggest otherwise,[2] but argues that there is no support in the statute for the rule and that, apart from the rule, the statute and due process were not complied with.

Rule IV–9 was before this court in *DaLomba's Case*, 352 Mass. 598, 603, where we held that it is implicit in the rule that the division or a member may not deny "rebuttal if the request is received within seven days of the mailing of the reports. Elementary principles of fairness support this interpretation." That case implicitly recognizes the rule as within the statutory power of the division.

It would have been appropriate and advisable to have accompanied the mailing of the copies of the two impartial reports, of which prior notice had not been given, with a reference to Rule IV–9 and a statement that if in the light of the reports further opportunity to argue was desired it should be requested within the same period. We do not have, however, a case of surprise or misunderstanding or, so far as appears or may reasonably be inferred, any lack of knowledge of the rules. The insurer asserts that both parties were represented by experienced counsel. Nor was there an effort after the seven days to seek discretionary action by the board under Rule IV–9 or otherwise.

The insurer argues that in obtaining the reports and considering them the board was in effect holding a hearing in the absence of the parties. There obviously was no hearing at which evidence was received and in the absence of a request for rebuttal none was required. The insurer does not expressly contend that if the board's procedure was lawful, and if the insurer failed to act reasonably to obtain the opportunity for "rebuttal," the board nevertheless was obliged of its own motion to set the case for further argument. We hold that in the absence of any request from the insurer under Rule IV–9 the board was not obliged to do this. The statute provides (c. 152, § 5), "The division may make rules consistent with this chapter for carrying out its

---

[2] The employee's brief, without support in the record, asserts that the reports were mailed on April 13, 1967, and May 1, 1967.

provisions. Process and procedure shall be as simple and summary as reasonably may be." We think that the copies of the report and supplemental report, with Rule IV–9, were reasonable notice to experienced counsel that unless the board heard from him within seven days it intended to render a decision on the evidence at the hearing and on these reports. The notice was sufficient to cast on the insurer the burden of asking for the opportunity to rebut by argument (and by reference therein to evidence already before the board), if it desired such opportunity.

We see nothing in the insurer's suggestion that it would be unfair and inequitable to require it to make a request for rebuttal to a board which is governed by a rule that "No testimony will be taken by the reviewing board." Obviously with this rule governing, the request for opportunity to rebut would have meant recommittal to the single member to hear the rebuttal evidence. The insurer admits the board's power to recommit.

3. The interlocutory decree remanding the case to the board and the final decree are reversed. A decree is to enter in the Superior Court in accordance with the first decision of the board of May 11, 1967. Costs and expenses of appeal are to be determined by the single justice.

*So ordered.*