COMMONWEALTH *vs.* MOSES L. RUCKER.

Suffolk.    November 2, 1970. — December 3, 1970.

Present: TAURO, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Evidence,* Opinion: expert. *Practice, Criminal,* Mistrial.

At the trial of an indictment for arson, the opinion of an arson investigator as an expert that the fire was "a set fire," based on information received in a conversation with a district fire chief who had been present during the blaze but was not called as a witness, lacked an adequate foundation, and its admission constituted error prejudicial to the defendant. [299–300]

At a criminal trial, improper references by witnesses on three separate occasions to the defendant's "jail" record were cured by the judge's prompt instructions in each instance. [300]

INDICTMENT found and returned in the Superior Court on August 5, 1969.

The case was tried before *Brogna,* J.

*Alexander Whiteside, II (Reuben Goodman* with him) for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.

REARDON, J.    The case is before the court on the defendant's appeal and assignments of error pursuant to G. L. c. 278, §§ 33A–33G. The defendant was indicted and found guilty of the crime of arson. The defendant relies on three principal assignments, first, claiming prejudicial error in the admission of testimony of Robert Boyd, a fireman and arson investigator, as to the substance of a conversation he had at the scene of the fire with a district chief, William Connolly, and, second, in the admission of testimony of the

Commonwealth *v.* Rucker.

same witness, as an expert, that in his opinion the fire was "a set fire." His third assignment relates to the failure of the judge to declare a mistrial following references by witnesses on three separate occasions to the fact that the defendant had previously been in jail.

It appears that Boyd arrived on the scene of the fire after it had been extinguished and while there had a conversation with Connolly, who was present during the blaze. Connolly was not called as a witness. Boyd testified, over objection and exception, to information he received in this conversation, and a review of the transcript makes it sufficiently clear that his subsequent conclusions were largely based upon it. When queried why he felt the fire was "set," he gave as one of three reasons, "The two front doors being open," a fact not observed by him but told to him by Connolly, as he had earlier testified. At another point he stated further in effect that he did not believe the fire could have been started by accident on the basis of what was reported to him. His theory that the fire originated on a couch pushed against two sliding doors was based on Connolly's report to him that there had in fact been a couch which was pushed against sliding doors. When Boyd arrived on the scene the doors were pushed in and the couch had disintegrated. Boyd alluded more than once on cross-examination to the fact that he was "going on what was reported to . . . [him]." On the assumption that Boyd was properly qualified as an expert for the purpose of giving his opinion, it appears to us that such opinions as Boyd rendered were based on his information from Connolly and were improperly admitted. *Commonwealth* v. *Russ*, 232 Mass. 58, 74. *Lovasco* v. *Parkhurst Marine Ry.* 322 Mass. 64, 67. *Uberto* v. *Kaufman*, 348 Mass. 171, 173. In order to put proper hypothetical questions to Boyd along the lines of those which he answered, it was vital to the case to call Connolly as a witness. In such an event his direct observations at the scene of the fire would have laid the foundation for Boyd's opinion. Since Boyd's testimony was the only substantial evidence offered by the prosecution from

objective sources that the fire had been set, the absence of an adequate foundation for his conclusion constitutes error clearly prejudicial to the defendant. This is particularly so since a review of the transcript reveals that other evidence offered by the prosecution conflicted in some details and was of questionable strength.

Since the judgment is to be reversed, we refrain from extended discussion of the reference thrice by witnesses to the defendant's "jail" record. In our opinion the judge's prompt instructions in each instance were adequate to cure the introduction of this improper evidence. *Commonwealth* v. *Bellino*, 320 Mass. 635, 645. *Commonwealth* v. *Gordon*, 356 Mass. 598, 604. *Commonwealth* v. *Gibson*, 357 Mass. 45, 48–49. Compare *Worcester Telegram & Gazette, Inc.* v. *Commonwealth*, 354 Mass. 578, 580–581.

*Judgment reversed.*
*Verdict set aside.*