WALTER TRANI'S CASE. November 30, 1976. This is an appeal by the insurer in this workmen's compensation case from a judgment awarding compensation to the claimant for disability arising out of three

earlier industrial injuries. 1. There was evidence of two periods of disability found by the board and of a causal relationship between the earlier injuries and both periods of disability. The findings of the board must be sustained "unless they are wholly lacking in evidential support or tainted by error of law, and this is true even if different findings could have been made by the board." *Hachadourian's Case,* 340 Mass. 81, 85 (1959). 2. There was no error in the board's admission of the opinion of a neurosurgeon as to the causal relationship between the injuries sustained and the disability in question. In forming his opinion the physician relied in part on a medical history given by the claimant to one of the doctor's associates in connection with treatment of the earlier industrial injuries. It was permissible for the physician to have relied on such reports in formulating his opinion. A qualified expert may testify as to his opinion, even if the basis for that opinion is chiefly derived from inadmissible sources. *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 261 (1900). *Wing* v. *Commonwealth,* 359 Mass. 286, 290 (1971). A physician qualified as an expert witness may also rely on information contained in reports of other doctors, nurses or technicians if such reports are customarily relied on by the doctor in the practice of his profession. McCormick, Evidence § 15 (2d ed. 1972). Wigmore, Evidence § 688 (Chadbourn Rev. 1970). See also *Jenkins* v. *United States,* 307 F.2d 637, 642 (D.C. Cir. 1962). 3. No error is apparent in the board's refusal to sustain the objection of the insurer to the physician's opinion as to the aggravation of a preexisting syndrome. The short discussion of this point in the insurer's brief does not rise to the level of appellate argument within the meaning of Mass.R.A.P. 16(a)(4), as amended effective February 24, 1975, 367 Mass. 921, and we do not consider it. *Slater* v. *Burnham Corp. ante,* 791 (1976). 4. There was no error in the board's refusal to recommit this case to the single member for receipt and consideration of the deposition of Dr. Binder, the insurer's medical expert. It is clearly within the discretion of the board to determine whether to recommit a case to allow the introduction of additional evidence. *Lopes's Case,* 277 Mass. 581, 586 (1931). *Gramolini's Case,* 328 Mass. 86, 89 (1951). The single member had originally given the insurer until November 15, 1973, to obtain a deposition from Dr. Binder. When no deposition had been filed by that date, the single member personally contacted the attorneys for the parties to remind them to file it. Four months later, in March, 1974, no deposition having been presented, the decision was prepared and filed by the single member. There was no abuse of discretion.

*Judgment affirmed.*

*Paul F. X. Powers* for the insurer.
*Richard L. Neumeier* for the claimant.