PAUL MANOLI'S CASE.

Plymouth.  May 11, 1981. — July 7, 1981.

Present: HALE, C.J., GRANT, & SMITH, JJ.

*Workmen's Compensation Act*, Hearing, Impartial physician, Rules of Industrial Accident Board.

The reviewing board of the Industrial Accident Board was not required to expand the record of a proceeding before a single member to include an impartial physician's report where there was no explanation offered for the employee's failure to alert the single member to the existence or contents of the report. [223-225]

It was within the discretion of the reviewing board of the Industrial Accident Board to deny an employee's motion to expand the record of a proceeding before a single member to include the deposition of the employee's physician which was not filed with the single member until six months after the time allowed by her for medical depositions and after she had denied the employee's claim. [225]

CERTIFICATION to the Superior Court Department of a decision by the Industrial Accident Board.

*Chester R. McLaughlin* for the employee.

*Ellen S. Cooper* (*William H. Murphy* with her) for the employer.

SMITH, J.  A single member of the Industrial Accident Board denied the employee's claim for compensation on the ground that he was disabled for less than the mandatory waiting period.  See G. L. c. 152, § 29.  The reviewing board adopted the findings and decision of the single member, and judgment was entered in the Superior Court dismissing the employee's appeal.  The two issues presented on appeal concern the reviewing board's denial of the employee's motions to expand the evidence (1) to include the report of the impartial physician and (2) to include the deposition of the employee's physician.

On August 9, 1977, the employee was injured and shortly thereafter filed a claim for compensation. Pursuant to G. L. c. 157, § 7, a conference was held before a single member, who ordered an impartial physician's examination. The report was duly filed with the board, and copies were seasonably given to the parties. The single member denied the employee's claim, and the employee requested a hearing under G. L. c. 152, §§ 7 and 8. As required by G. L. c. 152, § 7, the hearing was held before a different member. The sole witness before that member was the employee, and the single exhibit was his application for employment. No mention was made to the single member of the existence of the impartial physician's report, and neither party offered it in evidence. The single member did not list the report as one of the exhibits considered by her. She gave both parties an additional sixty days from the hearing date to take medical depositions. The insurer's deposition of a physician was received in time and presumably considered by the single member, but the employee's medical deposition was filed six months late, after the single member had denied the employee's claim. At the next level, the reviewing board, the employee filed the above mentioned motions, and they were denied.

*Impartial physician's report.* The employee argues that the reviewing board, as a matter of law, should have allowed the motion to expand the record to include the impartial physician's report. We agree with the action of the reviewing board and hold that it acted within its discretion in denying the motion. A brief discussion of the procedures used to dispose of contested workmen's compensation cases is in order. The Legislature has created various tiers of hearing levels for contested cases. The first level is the conference, which is mandatory upon the request of either party. G. L. c. 152, § 7. The purpose of the conference is "to expedite compensation claims without the necessity of a full hearing before a single member under G. L. c. 152, § 8." *Assuncao's Case*, 372 Mass. 6, 9 (1977). Because of its purpose, the conference is relatively informal, and any evi-

dence, written or oral, is not given under oath. Locke, Workmen's Compensation § 482 (2d ed. 1981). It was at the conference level in this case that the impartial physician's report was ordered and considered by the first single member, and that the request for compensation was denied. Under G. L. c. 152, § 7, any party aggrieved by the order issued after the conference has the right to a full hearing on the merits before a different single member. The requirement that a single member unfamiliar with the material introduced at the conference preside at the hearing on the merits is a sensible method of insuring that the trier of fact is someone who has not participated in settlement discussions and who has no prior knowledge of the facts or issues. Cf. *Furtado* v. *Furtado*, 380 Mass. 137, 151-152 (1980) ("the trier of fact . . . must be most scrupulous both to avoid losing his impartiality and to maintain his unfamiliarity with disputed matters which may come before him and with extraneous matters which should not be known by him"). However, the fact that the single member would be unfamiliar with the details of the conference places a burden upon the party intending to rely on the impartial physician's report obtained at the conference level in that he must, at the very least, alert the member hearing the case on the merits to the existence of the report and its contents.[1] This procedure is similar to the requirement placed on attorneys at a civil trial, wherein discovery material must be introduced in evidence to become part of the case. *S. Kemble Fischer Realty Trust* v. *Board of Appeals of Concord*, 9 Mass. App. Ct. 477, 478-480 (1980). In the absence of the report being offered, the single member can consider the report, but must advise the parties if he does so in order that they are provided with ample opportunity to rebut what is

---

[1] If the existence of the report is made known to the single member, it is admissible as evidence. See G. L. c. 152, § 9; Rule 4(8) of the Rules of the Industrial Accident Board (1980). We note that both § 9 and the rule speak in terms of admissibility; both presuppose that a report will be offered in evidence; neither purports to constitute a report as part of the record (as distinguished from the board's file) in the absence of such an offer.

in the report. *Benham's Case*, 356 Mass. 196 (1969).[2] Compare G. L. c. 30A, § 11(4) and (5). The employee contends that the reviewing board, as a matter of law, must expand the record to include the impartial physician's report. By statute, there are several options open to the reviewing board in addition to reviewing the single member's record. See G. L. c. 152, § 10. It may "hear evidence in regard to pertinent matters . . . or may refer the matter back to the single member for further findings of fact . . . ."[3] In this case, where no explanation was offered for the failure of the employee to alert the single member to the existence or contents of the report, the board was not bound to expand the record. There is nothing to the contrary in *Emma's Case*, 242 Mass. 408 (1922), or in *Benham's Case*, 356 Mass. 196 (1969).

*The deposition of the employee's physician.* It was within the discretion of the reviewing board to deny the employee's motion to include the deposition of the employee's physician. A single member may set a time limit for the taking of a medical deposition after the hearing. See *Tassinari's Case*, 9 Mass. App. 683, 686-687 (1980). In the present case, the single member set a reasonable deadline for the filing of medical depositions. The employee's deposition was six months late. *Trani's Case*, 4 Mass. App. Ct. 857 (1976), does not set out any requirement that a single member must warn a party of an impending deadline. The deposition is not before us, and there is no showing of prejudice arising out of its exclusion or out of the reviewing board's not remanding the case to the second single member so that she could consider it.

*Judgment affirmed.*

---

[2] However, a single member hearing a case on its merits, even if aware of the report, may ignore it on the theory that any party who wishes him to consider it will offer it or ask that it be considered.

[3] The board's practice is to take the latter course. See Locke, Workmen's Compensation § 538 (2d ed. 1981).