MARIA SOARES *vs.* STOP & SHOP COMPANIES, INC. August 29, 1983.
*Evidence,* Hearsay, Expert opinion. *Practice, Civil,* Directed verdict, Judgment notwithstanding verdict.

The plaintiff obtained a verdict for injuries resulting from a slip and fall on premises controlled by the defendant, and the defendant appealed from the ensuing judgment and the denial of its motion for judgment notwithstanding the verdict or for a new trial. 1. The defendant's motion for a directed verdict was waived, and its motion for judgment notwithstanding the verdict properly denied, because of the defendant's failure to renew its motion for a directed verdict at the close of its own case. *Martin* v. *Hall,* 369 Mass. 882, 884 (1976). Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974). The case the defendant put in was not merely formal, or "inconsequential," as was said to be the case in *King* v. *G & M Realty Corp.,* 373 Mass. 658, 659 n.3 (1977). See *Michnik-Zilberman* v. *Gordon's Liquor, Inc.,* 390 Mass. 6, 8-10 (1983). 2. The judge erred in permitting the plaintiff to put in evidence the opinion of a physician (who had examined the plaintiff but was not one of the treating physicians) which was expressly based, in part, on medical treatment reports not part of the hospital record and not introduced in evidence. "Manifestly an opinion not grounded either upon facts observed by the witness or upon facts assumed and specified in the question or upon facts in evidence through other witnesses, but based upon facts taken on the hearsay of others out of court and not in evidence and not put in the form of a supposition in the question, is not admissible in evidence. Such an opinion would or might well be founded upon facts, the truth of which could not in the nature of things be established to the satisfaction of the jury because no competent

evidence respecting them would be before the jury." *Commonwealth* v. *Russ,* 232 Mass. 58, 74 (1919). "Expert opinion . . . must be based on either the expert's direct personal knowledge, on evidence already in the record or which the parties represent will be presented during the course of the trial, or on a combination of these sources." *LaClair* v. *Silberline Mfg. Co.,* 379 Mass. 21, 32 (1979). It was clear when the opinion was put in that the missing records were not to be produced (contrast *Charron's Case,* 331 Mass. 519, 522-523 [1954]), because the need for the opinion was brought to light by the defendant's motion for a directed verdict, and the judge allowed the plaintiff's motion to reopen for the sole purpose of adducing the opinion. It is true, of course, that an expert opinion may in some circumstances be based on hearsay. See *Finnegan* v. *Fall River,* 159 Mass. 311 (1893); *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 261 (1900); *Davenport* v. *Haskell,* 293 Mass. 454, 459 (1936); *Commonwealth* v. *Kendall,* 9 Mass. App. Ct. 152, 157 (1980). The cases on this subject make "a distinction that permits reliance upon hearsay for general facts that go into the making of expertise but not for knowledge as to the specific facts in controversy." Liacos, Massachusetts Evidence 125 (5th ed. 1981). Under our law, which has been said to represent "the majority view" (McCormick, Evidence § 15 [2d ed. 1972]), a "question is improper if it calls for the witness' opinion on the basis of reports that are not in evidence or are inadmissible as substantive evidence under the hearsay rule (without reciting their contents as hypotheses, to be supported by other evidence as to their truth)." *Ibid.* Cases recognizing the inadmissibility of opinions which are based on hearsay facts bearing on the particular case include *Charron's Case, supra*; *State Tax Commn.* v. *Assessors of Springfield,* 331 Mass. 677, 684-685 (1954); *Uberto* v. *Kaufman,* 348 Mass. 171, 173 (1964); *MacKay* v. *Ratner,* 353 Mass. 563, 566-567 (1968); *Commonwealth* v. *Rucker,* 358 Mass. 298, 299 (1970); *LaClair* v. *Silberline Mfg. Co., supra* at 32-33; *Commonwealth* v. *Harris,* 1 Mass. App. Ct. 265, 266-268 (1973). Adoption of Rule 703 of the Proposed Massachusetts Rules of Evidence (5th ed. 1981) would have broadened the basis for the admissibility of opinions such as that given by the physician here, see Liacos, Massachusetts Evidence at 125-126, but those rules have not been adopted. The rule as stated in *Trani's Case,* 4 Mass. App. Ct. 857, 858 (1976), is reflective of practice under rule 703 of the Federal rules of evidence but not the stricter rule applicable to current Massachusetts practice. 3. In view of that conclusion we need not discuss whether the plaintiff violated Mass.R.Civ.P. 26(e)(2), 365 Mass. 776 (1974), by failing to advise the defendant that a witness for the plaintiff would repudiate at trial an answer the witness had given in his deposition and thereby supply the sole evidence on a point crucial for maintenance of the plaintiff's cause of action. The element of surprise will not, of course, be present in the new trial.

*Judgment reversed.*

*James D. St. Clair (Thomas N. O'Connor* with him) for the defendant.
*Howard M. Kahalas (Alfred D. Ellis* with him) for the plaintiff.