COMMONWEALTH *vs.* MICHAEL J. LEINBACH. No. 89-P-1143. August 30, 1990. *Evidence,* Hearsay, Expert opinion, Other offense.

Enmeshed in a sting operation, the defendant, Leinbach, sold cocaine to

a State trooper and was arrested by other officers who had staked out the transaction. Leinbach was convicted of trafficking in 200 or more grams of cocaine with intent to distribute (G. L. c. 94C, § 32E). On appeal, the defendant claims improper admission of hearsay and of evidence of prior acts of drug dealing. We affirm.

1. *The hearsay claim.* There was received in evidence, upon the offer of the government, a chemist's certificate of analysis stating that the powder contained in the eight bags taken from the defendant was 223.4 grams of seventy-two percent cocaine, a Class B controlled substance under G. L. c. 94C, § 31. Under G. L. c. 147, § 4D, as amended by St. 1982, c. 650, § 19, the chemist's certificate served as "prima facie evidence" of the composition, quality, and net weight of the drug. See *Commonwealth v. Chappee*, 397 Mass. 508, 520-521 (1986); *Commonwealth v. Claudio*, 405 Mass. 481, 485 (1989). To buttress its case (prima facie evidence, as was observed in the *Chappee* opinion, having no special force in a criminal case), the Commonwealth undertook to introduce evidence concerning the testing of the eight bags. The particular chemist who had made the tests, John LoRusso, had been suspended from his position at the Department of Public Safety crime laboratory, and the Commonwealth called Edward Gerraghty, senior chemist in the drug section of that laboratory. Gerraghty, who had supervised the work of LoRusso, based his testimony on the laboratory certificate of analysis which had previously been received in evidence and upon notes and records from the State laboratory concerning the ultraviolet spectra photometry, infrared spectra photometry, and weighing procedures performed in connection with the material taken by the police from the defendant. Those notes and records were not received in evidence. What Gerraghty's testimony added was a description of how the laboratory went about testing materials submitted to it and what, on the basis of his knowledge of laboratory procedures, the records revealed concerning the tests run and the weight recorded. On the basis of Gerraghty's qualifications as senior chemist, he was competent (as to his competence there was no dispute) to testify how the records spoke to him concerning what had been done and what had been noted. These were objective laboratory facts and did not raise problems of second level hearsay as discussed in *Julian* v. *Randazzo*, 380 Mass. 391, 393 (1980), *Kelly* v. *O'Neil*, 1 Mass. App. Ct. 313, 316-317 (1973), and *Adoption of George*, 27 Mass. App. Ct. 265, 273-274 (1989). The laboratory records were of the sort upon which an expert could base an opinion, even though the records themselves were not received in evidence. See *Department of Youth Serv.* v. *A Juvenile*, 398 Mass. 516, 532 (1986); *Deerfield Plastics Co.* v. *Hartford Ins. Co.*, 404 Mass. 484, 488 (1989); *Soares* v. *Stop & Shop Cos.*, 16 Mass. App. Ct. 979, 980 (1983). We think Gerraghty's testimony, which was cumulative to the certificate of analysis, was properly received.

2. *The prior bad acts point.* Paul Barnicle, a police detective who had participated in Leinbach's arrest, testified that Leinbach had said to him (after the Miranda warnings had been several times recited) that "this was the largest deal he had ever done, and . . . that the prior largest deal he had ever done was three ounces." The evidence bore on the quantity of material the defendant was dealing with, a fact relevant to the offense charged, viz., trafficking in over 200 grams of cocaine. See *Commonwealth* v. *Brown*, 389 Mass. 382, 384 (1983). The statement was also evidence of Leinbach's intent to sell the substance. See *Commonwealth* v. *Bradshaw*, 385 Mass. 244, 269 (1982). It was within the trial judge's discretion to balance the probative value of Leinbach's implied admission of previous drug dealing against the risk of prejudice to him. *Commonwealth* v. *Young*, 382 Mass. 448, 462-463 (1981).

*Judgment affirmed.*

*Patricia A. O'Neill*, Committee for Public Counsel Services, for the defendant.

*Jill S. Plancher*, Assistant Attorney General, for the Commonwealth.